506 F.2d 922
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Mark SCHEFFER, Defendant-Appellant.
No. 74-2101 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 15, 1975, Opinion Withdrawn March 27, 1975.
 
 Daniel Mark Scheffer, pro se.
 Anthony J. P. Farris, U.S. Atty., Edward B. McDonough, Jr., James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before WISDOM, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Scheffer was convicted by a jury on charges related to the illegal importation of cocaine, in violation of 21 U.S.C. 174, and was sentenced to three concurrent eight-year terms. That conviction was reversed by this Court for reasons involving the warrantless search of appellant's home. United States v. Scheffer, 5 Cir. 1972, 463 F.2d 567. Scheffer was re-tried, convicted again and the same sentence was imposed. Appellant unsuccessfully appealed this second conviction, United States v. Collins, 5 Cir. 1973, 478 F.2d 837, cert. denied, 414 U.S. 1010, 94 S.Ct. 373, 38 L.Ed.2d 248, and then moved the district court for a reduction of his sentence. The motion was denied; Scheffer appeals.
 
 
 2
 We cannot say either that the sentence was illegal or that the district judge abused his discretion in refusing to reduce appellant's sentence. United States v. Johnson, 5 Cir. 1973, 476 F.2d 1251, cert. denied, 414 U.S. 852, 94 S.Ct. 146, 38 L.Ed.2d 101. The record shows, however, that Scheffer was nineteen years old at the time of his offense and thus was eligible for sentencing pursuant to the Federal Youth Corrections Act. 18 U.S.C. 5010. The district court order denying appellant's motion for reduction of sentence offers no indication that the court considered the propriety of sentencing Scheffer undr the Act, even though Schffer submitted several affidavits which raised the issue. We therefore vacate appellant's sentence and remand the case to district court for an express determination of whether Scheffer would benefit from treatment under the provisions of the Federal Youth Corrections Act. Dorszynski v. United States, 1974, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855; United States v. Usher, 5 Cir. 1974, 500 F.2d 388.
 
 
 3
 Vacated and remanded.
 
 ON PETITION FOR REHEARING PER CURIAM:
 
 4
 The original opinion in this case, 506 F.2d 922, is withdrawn and the appeal is dismissed as moot.
 
 
 5
 Dismissed.