Daniel Lee SAPPINGTON, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 75–1149.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1975.

Decided May 19, 1975.

Rehearing Denied June 23, 1975.

Larry E. Stead, Director, Prisoners Legal Assistance Project, Marion, Ill., for appellant.

Donald J. Stohr, U. S. Atty., and Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Daniel Sappington, in this post-conviction proceeding, seeks to vacate his sentence for failure of the sentencing judge to make an explicit finding that he would not have benefited from treatment under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. The petitioner, who was twenty-one years old at the time of conviction and sentence, was sentenced as an adult. The District Court denied relief stating that the "no benefit" finding was implicit in the imposition of the adult sentence.

The Federal Youth Corrections Act requires an explicit "no benefit" finding. Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). Accordingly, the order of the District Court is reversed with directions that the petitioner's sentence be vacated and his sentence reconsidered. See United States v. Flebotte, 503 F.2d 1057 (4th Cir. 1974); Belgarde v. United States, 503 F.2d 1054 (9th Cir. 1974); Hoyt v. United States, 502 F.2d 562 (5th Cir. 1974).

Reversed and remanded for resentencing.

GIBSON, Chief Judge (dissenting).

I dissent. The District Court in its memorandum and order denying the § 2255 motion stated that "by this memorandum we have now explicitly stated of record the finding we implicitly made at the time petitioner was sentenced on October 18, 1968, namely, that petitioner *would not benefit* from treatment under the Federal Youth Corrections Act." (Emphasis supplied.) Although Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), does not require that a reason to support this finding be given, the District Court pro-

vided ample reasons to support its conclusion of "no benefit." . I would hold that this statement evidences sufficient compliance with Dorszynski. To remand this case for resentencing is to compel a useless act.