Roger Lee BRAGER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 75–1053.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1975.

Decided Dec. 31, 1975.

Lawrence M. Berkowitz, Kansas City, Mo., for appellant.

Frederick O. Griffin, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY, HEANEY, BRIGHT, ROSS, STEPHENSON, WEBSTER and HENLEY, Circuit Judges, en banc.

HENLEY, Circuit Judge.

Roger Lee Brager, hereinafter petitioner, was convicted in 1970 in the United States District Court for the Western District of Missouri on two separate charges of aggravated bank robbery. 18 U.S.C. § 2113(a) and (d). He was sentenced separately on the two charges, and the sentences were imposed on the same day but by different judges. The first sentence, imposed by District Judge Collinson, was imprisonment for twenty years; the second sentence, imposed by the late District Judge Richard M. Duncan, was imprisonment for five years, and that sentence was made to run consecutively to the first sentence. Both sentences were imposed on the basis of the substantive statute of which the petitioner had been convicted of violating.

Subsequently, petitioner sought post-conviction relief by means of a motion or motions filed pursuant to 28 U.S.C. § 2255. Petitioner complained that he had been sentenced under § 2113 without either of the sentencing judges having made an explicit finding that petitioner would derive no benefit from treatment under the Youth Corrections Act for which treatment he was eligible by reason of the fact that he was twenty years old at the time of his conviction. 18 U.S.C. § 5005 et seq.[1] In view of the death of Judge Duncan, both petitions were heard by Judge Collinson, and he denied them both. This appeal followed.

Under the terms of the Act a convicted offender who is less than twenty-two years of age must be sentenced to treatment under the Act unless the district judge affirmatively finds that the defendant would derive no benefit from such treatment. Prior to the decision of the Supreme Court in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), the circuits were divided on whether the "no benefit" finding had to be explicit or whether an implicit finding of no benefit satisfied the requirements of the statute. This court had not passed upon the question when *Dorszynski* was decided. That decision put the conflict to rest by holding that the findings must be explicit although the district courts are not required to support their findings or to state reasons therefor.

Petitioner's sentences were imposed prior to the decision in *Dorszynski,* and his § 2255 motions were overruled prior to the decision of a panel of this court in *Sappington v. United States,* 518 F.2d 28 (8th Cir. 1975).

In denying petitioner's claims for post-conviction relief the district court did not undertake to make any explicit finding that in October, 1970, when he was sentenced, or at any later time, petitioner would have derived no benefit from treatment under the Act. Instead, the district court undertook to apply to *Dorszynski* certain tests of retroactivity of judicial decisions in the field of criminal procedure laid down in cases like *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); *Tehan v. United States ex rel. Shott,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1965); and *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), and concluded that *Dorszynski* should not be

1. Section 5006(e) defines a youth offender as a person under the age of twenty-two years at the time of his conviction. Section 5010 relates to sentencing under the Act; § 5017 relates to release from confinement of a youth offender who has been sentenced under § 5010; and § 5021 provides that upon completion of a sentence or period of probation a youth offender may be able to have his conviction expunged from his record. A sentence to treatment under the Act has distinct advantages over a sentence imposed under the substantive statute with respect to which the offender has been convicted; but, in terms of length of confinement, a person sentenced under the Act may have to serve more time than he would have been required to serve had he been sentenced under the substantive statute.

applied retroactively to sentences imposed prior to the date of the decision, namely, June 26, 1974.

That conclusion conflicts with this court's holding in *Sappington, supra,* and calls for reversal. *See also United States v. Hopkins,* 418 U.S. 909, 94 S.Ct. 3201, 41 L.Ed.2d 1155 (1974), *vacating and remanding United States v. Kaylor,* 491 F.2d 1127 and 1133 (2nd Cir. 1974); *United States v. Flebotte,* 503 F.2d 1057 (4th Cir. 1974). There remains for consideration the question of what further proceedings should be had in the case; a similar question divided the *Sappington* panel.

In *Sappington, Dorszynski* was applied retroactively to a sentence imposed in 1968. In that case the district court undertook to satisfy the requirement of *Dorszynski* by stating explicitly " 'the finding we implicitly made at the time petitioner was sentenced on October 18, 1968, namely, that petitioner *would not benefit* from treatment under the Federal Youth Corrections Act.' " [2] The majority of this court deemed the district court's *ex post facto* finding insufficient. Chief Judge Gibson thought that the finding was sufficient to satisfy the *Dorszynski* requirement and that the majority mandated remand of the case to the district court for resentencing had the effect of compelling the district court to perform a useless act. 518 F.2d at 29.

■ Although the view of the district court that *Dorszynski* is not to be applied retroactively finds support in *Jackson v. United States,* 510 F.2d 1335 (10th Cir. 1975), we adhere to the view of the *Sappington* court that *Dorszynski* does apply retroactively to sentences imposed prior to the date of the decision, and that a sentence imposed prior to that date on a person less than twenty-two years of age without an explicit "no ben-

efit" finding was, technically at least, imposed illegally. We do not think, however, that it follows that an affected defendant is automatically entitled upon motion or petition to have his sentence set aside and to be resentenced either under the Act or otherwise.

It should be kept in mind that a *Dorszynski* based attack on a sentence will ordinarily be launched by means of an application for post-conviction relief under § 2255. Normally the application will be heard by the sentencing judge if he is alive and is available. However, if the sentencing judge is dead or for some reason is not able to pass on the application, it must be heard by another judge. And, if he finds that the sentencing judge did not comply with *Dorszynski,* it seems clear that the sentence will have to be set aside and a new sentence imposed in conformity with law.[3] In the instant case we have both situations, as has been seen.

■ With regard to the usual situation in which the application for post-conviction relief is passed upon by the sentencing judge, we agree with the *Sappington* majority that the requirement of *Dorszynski* cannot be satisfied *ex post facto* merely by an express judicial articulation of a prior implicit finding of no benefit. The sentencing judge cannot validate his sentence simply by saying, "I now explicitly find that the defendant would have derived no benefit from treatment under the Act because I implicitly made such a finding originally."

On the other hand, we think that if in the course of the post-conviction proceeding the sentencing judge is able conscientiously to make current explicit findings to the effect that at the time of sentence he was familiar with the Act, that he was aware that the defendant was a person eligible for treatment un-

---

**2.** From the dissenting opinion of Chief Judge Gibson, 518 F.2d at 29; emphasis supplied in the opinion.

**3.** Generally, a finding of compliance or noncompliance by the sentencing judge will be based on the judgment and commitment signed by that judge or on the transcript of the sentencing proceedings. It is possible, however, that other sources may be available in particular cases.

der the Act, that consideration was in fact given to employing the Act with respect to the defendant, and that it was determined at the time that the defendant would not benefit from treatment under the Act, the requirement of *Dorszynski* is adequately satisfied. *United States v. Scheffer,* 506 F.2d 922 (5th Cir. 1975); *United States v. Usher,* 500 F.2d 388 (5th Cir. 1974). If such findings can be and are made, the sentencing judge can dismiss the post-conviction application. Or, if he deems it wise, he may set aside the original sentence and then re-impose it with credit for time served. *United States v. Flebotte, supra,* 503 F.2d at 1057.

Since, as indicated, *Dorszynski* holds that a sentencing judge is not required to justify his "no benefit" finding, he should be able initially to rule on a post-conviction application based on *Dorszynski* without holding an evidentiary hearing and without having the defendant present in court. Of course, if the judge determines that the defendant will have to be resentenced, the latter's presence in court for resentencing will generally be required.

Returning now to the instant case, the twenty-year sentence imposed on the defendant should cause no difficulty on remand since Judge Collinson is available to consider the matter.

 As to the five-year consecutive sentence, the problem is more complicated due not only to the death of Judge Duncan but also by the length of the first sentence, the fact that it was im-

posed first, and by the present age of petitioner. We hold that that sentence must be vacated. What is to be done with respect to resentencing in the case in which that sentence was imposed is a matter which we leave in the first instance to the consideration of the district court with its action in that case being subject to our review, if necessary.[4]

Reversed and remanded.

---

4. In conclusion we note that a problem not unrelated to the one that we have discussed here can arise in cases involving defendants between twenty-two and twenty-six years of age who may be subject to sentencing as "young adult offenders" under the Act by virtue of the provisions of 18 U.S.C. § 4209. Section 4209 has a "finding" requirement that is the opposite of the "no benefit" finding requirement of the Youth Corrections Act. A person between twenty-two and twenty-six years old may be sentenced under the Act if, but only if, the district court finds affirmatively by reference to prescribed criteria that there are reasonable grounds to believe that the young adult will benefit from treatment under

the Act. In light of *Dorszynski,* if the district court decides to sentence under the Act there probably should be an explicit finding of probable benefit. *See DeWitt v. United States,* 383 F.2d 542 (5th Cir. 1967); and *Standley v. United States,* 318 F.2d 700 (9th Cir. 1963), *cert. denied,* 376 U.S. 917, 84 S.Ct. 673, 11 L.Ed.2d 613 (1964). On the other hand, *see United States v. McDonald,* 156 U.S.App.D.C. 338, 481 F.2d 513 (1973); and *United States v. Waters,* 141 U.S.App.D.C. 289, 437 F.2d 722 (1970). If in such a case the district court decides not to sentence under the Act, no negative finding is required by § 4209. *United States v. Garrison,* 527 F.2d 998 (8th Cir. 1975).