Larry E. STEAD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 75–1396.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1976.

Decided Feb. 19, 1976.

Rehearing and Rehearing En Banc
Denied March 17, 1976.

---

Larry E. Stead, pro se.

Donald J. Stohr, U. S. Atty., and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

In January 1969, Larry Stead, then 24 years of age, was convicted of attempted entry into a federally insured savings and loan association with intent to commit larceny in violation of 18 U.S.C. § 2113(a). The district court for the Eastern District of Missouri imposed the maximum prison sentence of 20 years. We affirmed the conviction in *United States v. Stead*, 422 F.2d 183 (8th Cir.), *cert. denied*, 397 U.S. 1080, 90 S.Ct. 1534, 25 L.Ed.2d 816 (1970). Pursuant to 28 U.S.C. § 2255, Stead now attacks the validity of the sentencing procedures and the underlying legality of the sentence. Relying in part on *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042,

41 L.Ed.2d 855 (1974), Stead asserts that although he was eligible for sentencing as a young adult offender under 18 U.S.C. § 4209, the district judge failed to authorize a presentence report as requested by Stead's counsel and therefore, intentionally failed to inform himself of relevant information necessary to exercise an informed sentencing discretion under § 4209.[1] The district court denied Stead § 2255 relief and he appeals.[2]

While we agree that the sentencing judge imposed the initial sentence upon Stead without full and adequate information, the record shows that Stead, on a Rule 35, Fed.R.Crim.P. motion, subsequently informed the court of his special circumstances and that the court refused to modify its sentence. From an examination of the full record, we hold that Stead is not now entitled to judicial relief from his sentence under 28 U.S.C. § 2255.

## I. *Imposition of Sentence.*

Immediately following the jury verdict convicting Stead, the sentencing judge inquired if there were any reasons why defendant should not be sentenced at once. Stead's counsel asked for a presentence investigation. In response, the court indicated that it wanted to see Stead's criminal record and ask him several questions. Stead advised the court that at age 19 he had stolen a television set and that he had been convicted of possession of stolen property.[3] The sentencing judge made further inquiry relative to a criminal proceeding on September 16, 1966. Stead advised the sentencing judge that he had broken into a

1. Stead also contends:

(1) that the trial court imposed a fixed and mechanical maximum prison sentence upon him in violation of due process; and

(2) that denial of the request of counsel for Stead for a presentence report denied appellant the opportunity to present information concerning his background, which violated his right of full allocution under Fed.R.Crim.P. 32(a)(1).

These contentions are without substantial merit for reasons enunciated in the district court opinion (unreported).

2. The sentencing judge did not pass on the § 2255 petition but, when Stead filed an affidavit alleging prejudice, referred this matter to Judge John K. Regan for disposition.

3. The prior conviction record now available to us indicates that this reference to his conduct at age 19 related to a 1964 conviction on a plea of guilty to a state charge of burglary and stealing. Stead was placed on probation but it was later revoked. The federal prosecutor noted that Stead, although age 19, would be considered an adult under Missouri state law.

warehouse, that some money had been taken but that he received none of it. The trial judge obtained Stead's admission that the television set which Stead had earlier discussed had been obtained in the apartment burglary. The court observed and Stead conceded that, "They got you for burglary and for stealing?"

The prosecutor also advised the court that an indictment or information was pending in the Western District of Missouri for possession of stolen money orders and that a misdemeanor charge was pending in St. Louis County, Missouri.

After receiving this information, the court stated, "Well, I don't see any reason to get any further information about this man. Is there anything you [apparently referring to counsel] want to say to the Court before sentence is imposed?"

Stead's counsel called the court's attention to a recent state court conviction for burglary (then on appeal) where Stead received a five-year sentence. The prosecutor advised of the pendency of a fugitive warrant issued in Madison County, Illinois, charging Stead with a felony of over fifty dollars upon which extradition proceedings were pending, but deferred pending disposition of the criminal case before the federal court.

The trial judge asked both counsel and Stead if they had further comments. After all responded negatively, the court imposed the 20-year sentence.

Stead did not attack his sentence or the sentencing procedure on direct appeal,[4] but following the Supreme Court's denial of certiorari, he filed a motion for reduction of sentence pursuant to Rule 35, Fed.R. Crim.P. The sentencing judge denied the motion without any hearing. The record

shows that Stead later filed two independent motions to vacate his sentence under 28 U.S.C. § 2255,[5] none of them, however, challenging the sentencing procedures.

## II. *Irregularity in the Sentence.*

Stead was 24 years of age at the time of his conviction and was therefore eligible for consideration as a young adult offender under 18 U.S.C. § 4209. That section reads:

> In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such Act.

This provision requires the district judge to consider the defendant's criminal background, "social background, capabilities, mental and physical health, and such other factors as may be considered pertinent * * * ." Using these criteria, the district court is then to consider whether defendant should be sentenced under the Youth Corrections Act. He will be so sentenced upon the court's finding that there is reasonable grounds to believe that the defendant will benefit from treatment provided under the Federal Youth Corrections Act. As we have already noted, at sentencing, the district court refused the request of Stead's counsel for a presentence report and imposed a sentence without consideration of

---

4. In seeking leave to appeal his conviction in forma pauperis he stated (under oath) that he desired to present on direct appeal the issue of "sentencing without presentence investigation." That issue was not raised on direct appeal by Stead's counsel nor by Stead in his pro se brief.

5. Appellant's first § 2255 motion, filed in 1970, alleged that his arrest was made without prob-

able cause, and that the evidence obtained as a result of it was wrongfully used to convict him.

In December 1971, Stead filed a subsequent § 2255 motion, challenging the sufficiency of the evidence to support his conviction and the constitutionality of 18 U.S.C. § 2113(a). These two motions were denied and his appeals were unsuccessful.

any matter other than the defendant's prior criminal record.[6]

We have recognized that the version of Rule 32(c)(1), Fed.R.Crim.P. in effect at Stead's sentencing, vests the sentencing court with discretion to dispense with a presentence report.[7] *United States v. Hazelrigg*, 430 F.2d 580 (8th Cir. 1970); *Cassidy v. United States*, 428 F.2d 585 (8th Cir. 1970). In *Hazelrigg*, we called attention to the importance of a presentence report in aiding the sentencing judge in determining an appropriate sentence for the offender and noted that the discretionary power of the sentencing judge to omit a presentence report is not "unbridled." 430 F.2d at 583.

In *United States v. Dinapoli*, 519 F.2d 104 (6th Cir. 1975), on direct appeal, the Sixth Circuit vacated sentences of youthful offenders where the district court had not obtained presentence reports. The court recognized that at least one defendant was a young adult offender between 22 and 26 years of age and, thus, not subject to the specific statutory requirements of judicial rejection of the Youth Corrections Act through an explicit no benefit finding. *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).[8]

■ In light of the statutory language of § 4209 requiring a sentencing judge to con-sider such things as social background, health, and other pertinent factors, we agree with the Sixth Circuit in *Dinapoli* that a young adult offender ordinarily should not be sentenced without the sentencing judge availing himself of appropriate background information concerning the accused through a presentence report.

### III. *Appropriateness of Relief Under § 2255.*

■ In *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975), we recognize that § 2255 permits an attack upon a sentence apparently legal on its face where "critical error" has occurred. There, because of changes in Board of Parole procedures under newly promulgated guidelines, the prisoner (Kortness) discovered that he was obligated to serve nearly his full term of imprisonment without meaningful parole consideration during that term. Since the district court was apparently unaware of these guidelines in imposing a sentence under 18 U.S.C. § 4208(a)(2) (permitting eligibility for parole at such time as parole board may determine) and therefore may have mistakenly imposed the sentence, we granted § 2255 relief and remanded for resentencing at the discretion of the sentencing judge, notwithstanding that because more than 120 days had elapsed after final judgment

---

6. Although Stead's age was mentioned during the trial, Stead's age was not specifically discussed at sentencing.

7. Rule 32(c)(1), prior to the 1975 amendment, provided in relevant part:

   The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs.

   Rule 32(c)(1) has since been amended, effective December 1, 1975, to provide:

   The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record
   * * *.

8. In *Dorszynski*, the Supreme Court held that before a district judge could sentence a youth under 22 years of age under adult provisions, the judge, pursuant to 18 U.S.C. § 5010(d), must find on the record that the commitment under the Youth Corrections Act would not benefit the defendant. *See United States v. Neal*, 527 F.2d 63 (8th Cir. 1975). Where applicable to a defendant under 22 years of age, we have held that violation of the rule in *Dorszynski* may be corrected on a postconviction proceeding under 28 U.S.C. § 2255. *Brager v. United States*, 527 F.2d 895 (8th Cir. 1975); *Sappington v. United States*, 518 F.2d 28 (8th Cir. 1975). We have, however, noted that a person between 22 and 26 years old will be sentenced under § 4209 as a young adult offender "only if, the district court finds affirmatively by reference to prescribed criteria that there are reasonable grounds to believe that the young adult will benefit from treatment under the Act." *Brager v. United States, supra*, at 899.

relief was not available under Rule 35, Fed. R.Crim.P. *See also Brager v. United States,* 527 F.2d 895 (8th Cir. 1975); *Sappington v. United States,* 518 F.2d 28 (8th Cir. 1975); *United States v. Lewis,* 392 F.2d 440 (4th Cir. 1968); *cf. United States v. Regan,* 503 F.2d 234 (8th Cir. 1974).

Here, while a serious error was made in the sentencing process, in light of the record as a whole before us, we cannot characterize that error as "critical," entitling Stead to § 2255 relief.

First, the failure of the sentencing judge to adequately inform himself of Stead's background was partially corrected in the postsentence procedures under Rule 35. At that time the sentencing judge had been made aware of Stead's complete criminal record as a result of proceedings relating to Stead's motion to reduce bail pending his direct appeal from the conviction. Furthermore, in the Rule 35 proceeding, Stead's petition discussed his lengthy criminal record in a favorable light claiming that his extensive arrest record had developed from his association with known "police characters" which subjected him to the "usual twenty hour 'flop' every time he was seen on the street." He called the judge's attention to the two pending criminal charges which had been discussed during his sentencing. Stead asserted that those charges were for "harassment" purposes but now had been dismissed. Stead recounted something of his background—abandoned as a child by his parents, suffering from a heart condition secondary to childhood rheumatic fever, now deserted by family and friends. He said that he had attempted to join the Army but had been rejected for health reasons. He called the maximum penalty imposed upon him (20 years) "morally wrong" for a nonviolent offense.

The Government presentation to the court in the bail bond controversy disclosed 38 arrests, 31 of them for burglary or possession of burglary tools and six felony convictions. Additionally, the opposition to bail recited that pending multiple count federal criminal indictments in the Western District of Missouri had been dismissed "for obvious reasons," apparently referring to the heavy sentence already imposed on Stead.

As we have already noted, the district court denied Stead relief. While the proceedings under Rule 35 did not completely cure the defect nor serve as a complete substitute for the sentencing procedures required under § 4209 and Rule 32(c), Fed.R. Crim.P., *see Peters v. United States,* 113 U.S.App.D.C. 236, 307 F.2d 193 (1962), the record does show that the district court did obtain additional information about Stead's background and refused to modify the sentence.

Second, Stead waited nearly six years before claiming a defect in the sentence, resting upon the sentencing court's failure to properly investigate Stead's background. Stead recognized the possible error when he sought leave to appeal in forma pauperis from his conviction, *see* note 4, *supra,* but he failed to raise any legal objection to his sentence except in the unappealed Rule 35 proceeding during almost six years.

Third, Stead has sustained some collateral benefits by this delay in attacking the sentence since several criminal charges that were pending against him at the time of sentencing have now been dismissed.

Fourth, it becomes virtually impossible at this late date to give Stead the benefit of rehabilitative treatment contemplated for young adult offenders under the Youth Corrections Act. *See* § 4209.[9] Subsequent

---

**9.** A sentence under the Youth Corrections Act focuses on treatment and rehabilitation, *see Dorszynski v. United States,* 418 U.S. 424, 433, 94 S.Ct. 3042, 3047, 41 L.Ed.2d 855, 862 (1974), and does not necessarily signify a shorter sentence than an adult offender under similar circumstances. Indeed, a youthful offender may be sentenced to a longer term than an adult convicted of the same statutory crime. *See*

*Caldwell v. United States,* 435 F.2d 1079 (10th Cir. 1970); *Guidry v. United States,* 433 F.2d 968 (5th Cir. 1970); *Kotz v. United States,* 353 F.2d 312 (8th Cir. 1965). Under 18 U.S.C. § 5010(c), the court may sentence the youth offender to the custody of the Attorney General for treatment and supervision for a further period beyond the expiration of six years from the date of the conviction "that may be autho-

to the conviction here challenged, Stead, on September 2, 1974, escaped from federal custody. He was tried and convicted for this offense, and sentenced to three years' imprisonment, subject to eligibility for parole at such times as the Board of Parole may determine.[10] *See United States v. Stead*, 528 F.2d 257 (8th Cir. 1975).

Because of delays in presenting or exhausting the issue before us and in light of intervening circumstances, we consider it a practical impossibility for the sentencing judge to presently reconsider whether Stead should have been sentenced as a young adult offender in 1969. Stead has now served seven years in an adult prison facility. It seems far too late to now treat him as a youthful offender.

Section 2255 is available in very limited circumstances, as noted earlier, for a prisoner to collaterally attack a sentence apparently legal on its face. *Kortness v. United States*, 514 F.2d at 170. The circumstances presented here will not justify vacating the sentence at this late date and remanding the case to the district court for resentencing. In sum, the sentencing error is not now judicially correctible.

Since it would appear that Stead should receive parole consideration at an early date as he has now served over one-third of his initial sentence and the subsequent sentence for escape entitles him to parole consideration at the Parole Board's discretion, we believe it appropriate to suggest that the Parole Board in determining Stead's eligibility for parole take into account the record of this case and our discussion indicating that Stead's eligibility for sentencing as a young adult offender did not receive fully adequate and proper consideration during the sentencing process.[11]

For the reasons herein stated, we affirm the denial of relief under § 2255.

rized by law for the offense or offenses of which he stands convicted." Under 18 U.S.C. § 5017, a youthful offender sentenced under § 5010(c) need not be released conditionally until two years before the expiration of the term imposed by the court or he may be discharged unconditionally at the expiration of not less than one year from the date of his conditional release.

10. Parenthetically, we note that the sentencing judge imposing this sentence for escape did call for a presentence report. We have examined that report. In spite of a lengthy criminal record as a youth, Stead's progress in prison shows redeeming qualities. He serves as clerk in the law library and assists other inmates with their legal work. He is a member of several national organizations which work toward improvement of prison conditions. His briefs show that he is obviously an intelligent person. Upon release from custody, he plans to go to college and is interested in following a career as a paralegal person employed in a law office.

We also note that the sentencing judge in the escape case (Hon. John F. Nangle) imposed only a three-year prison term (less than the maximum) and sentenced Stead under 18 U.S.C. § 4208(a)(2) so that Stead may be eligible for parole on this sentence at the discretion of the parole board.

11. Stead attacks not the length of his sentence but its type as an adult sentence rather than one which might have been imposed under the Youth Corrections Act. The length of imprisonment under the Youth Corrections Act is determined administratively, 18 U.S.C. § 5017. Thus, we think it appropriate in light of all circumstances here that any reduction of time to be served by Stead similarly be determined administratively through the Parole Board.