Johnnie TASBY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1101.

United States Court of Appeals, Eighth Circuit.

Submitted April 28, 1976.

Decided May 14, 1976.

Rehearing and Rehearing En Banc Denied June 7, 1976.

Johnnie Tasby, pro se.

Robert E. Johnson, U. S. Atty., Fort Smith, Ark., for appellee.

Before BRIGHT, WEBSTER and HEN-LEY, Circuit Judges.

PER CURIAM.

This appeal from the United States District Court for the Western District of Arkansas [1] is now before us on the application of appellant, petitioner below, for appointment of counsel to represent him gratis in connection with his appeal. We deny the application, and we dismiss the appeal as frivolous.

In 1970 petitioner was convicted in the court below of conspiracy, extortion, and the interstate transportation of a kidnapped person. *Tasby v. United States*, 451 F.2d 394 (8th Cir. 1971), *cert. denied*, 406 U.S. 922, 92 S.Ct. 1787, 32 L.Ed.2d 459 (1972). He was sentenced to imprisonment for five years on the conspiracy charge, for ten years on the extortion charge, and for thirty years on the kidnapping charge with it being stipulated that the sentences should be served concurrently.

At the time of his conviction and sentence petitioner was a person eligible for treatment under the Youth Correction Act, 18 U.S.C. § 5010. When the district court imposed sentence it did not make the explicit "no benefit" finding required by the Supreme Court in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). This court has held in an en banc decision that the case just cited is to be applied retroactively. *Brager v. United States*, 527 F.2d 895 (8th Cir. 1975); *Sappington v. United States*, 518 F.2d 28 (8th Cir. 1975).

On January 14, 1976 petitioner was permitted to file in forma pauperis a petition to vacate his sentence as provided by 28 U.S.C. § 2255; his claim for relief was based on *Dorszynski, supra.* The district court denied the petition on January 23, 1976 and in that connection filed a memorandum opinion and other documents which are before us.

In *Brager, supra,* this court recognized that the "no benefit" requirement of the Youth Correction Act is mandatory, but we also held that the fact that the sentencing judge failed to make an explicit finding of no benefit does not necessarily require that the judgment and sentence be vacated. We said:

. . . [W]e think that if in the course of the post-conviction proceeding the sentencing judge is able conscientiously to make current explicit findings to the effect that at the time of sentence he was familiar with the Act, that he was aware that the defendant was a person eligible for treatment under the Act, that consideration was in fact given to employing the Act with respect to the de-

1. The Honorable Paul X Williams, Chief Judge.

fendant, and that it was determined at the time that the defendant would not benefit from treatment under the Act, the requirement of *Dorszynski* is adequately satisfied. *United States v. Scheffer,* 506 F.2d 922 (5th Cir. 1975); *United States v. Usher,* 500 F.2d 388 (5th Cir. 1974). If such findings can be and are made, the sentencing judge can dismiss the post-conviction application. Or, if he deems it wise, he may set aside the original sentence and then re-impose it with credit for time served. *United States v. Flebotte, supra,* [503 F.2d 1057 (4 Cir.)] 503 F.2d at 1057.

Since, as indicated, *Dorszynski* holds that a sentencing judge is not required to justify his 'no benefit' finding, he should be able initially to rule on a post-conviction application based on *Dorszynski* without holding an evidentiary hearing and without having the defendant present in court. Of course, if the judge determines that the defendant will have to be resentenced, the latter's presence in court for resentencing will generally be required.

527 F.2d at 898–99.

The record before us reflects that Judge Williams complied literally with the foregoing procedure suggested in *Brager.* The judge filed a written statement as part of the record and copied it into his opinion; he also obtained, filed and copied into the opinion a statement from the federal probation officer who prepared the presentence report in petitioner's original case.

After stating that he was the judge who sentenced petitioner Judge Williams went on to say:

At the time of imposing the sentences I was familiar with the Youth Correction Act and was aware that the defendant, Tasby, was of such age that he was eligible for treatment under the Act. Consideration was in fact given to whether or not the Act should be employed with respect to the defendant, Tasby, and the Court determined at the time that the defendant, Tasby, would not benefit from treatment under the Act.

In Tasby's case the Court had the benefit of a thorough pre-sentence report prepared by Hon. Tom Miears and the counsel of said probation officer in advance of considering and determining that Tasby would not benefit from treatment under the Youth Correction Act.

We are convinced that the foregoing finding satisfies the requirements of *Dorszynski* and *Brager.* What appears to be a subsidiary claim of petitioner based on *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), strikes us as plainly insubstantial.

Application for appointment of counsel denied, and appeal dismissed as frivolous.