**William DeVERSE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1230.**

United States Court of Appeals, Eighth Circuit.

Submitted June 3, 1976.

Decided June 18, 1976.

William DeVerse, filed pro se brief.

Barry A. Short, U. S. Atty., and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

William DeVerse appeals from a dismissal of his § 2255 motion to vacate sentence.

In 1971, DeVerse was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and sentenced to twenty-five years imprisonment. At the time of sentencing, the appellant was twenty-one years old and, therefore, eligible for sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. The court, however, neither sentenced DeVerse thereunder nor made explicit findings that the appellant would not benefit from treatment under the Act.

On February 2, 1976, the appellant filed the instant § 2255 motion, claiming that he was entitled to vacation of his sentence because the court failed to make an express no-benefit finding.

In a memorandum opinion, dated February 26, 1976, the sentencing judge acknowledged that an express no-benefit finding was required in the appellant's case and that no explicit finding was made at the time of sentencing. He stated, however, that:

> [T]his Court now makes the finding that when petitioner, William DeVerse, was sentenced this Court was indeed aware of the fact that the defendant was eligible for imprisonment under the Youth Corrections Act. At the time of the original sentencing, and in light of the crime for which the defendant had been convicted, the Court considered that the Youth Corrections Act could have been implemented with regards to defendant William DeVerse, but the Court came to the ultimate conclusion that the defendant would not benefit from treatment under the Youth Corrections Act.

On the basis of those findings, the court deemed it unnecessary to vacate the appellant's sentence and dismissed the motion. The appellant appeals.

Before a defendant eligible for sentencing under the Youth Corrections Act may be sentenced as an adult, the sentencing court must make an explicit finding that he would not benefit from treatment under the Act. See Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); Brager v. United States, 527 F.2d 895 (8th Cir. 1975) (applying Dorszynski retroactively). Errors in this regard are cognizable under § 2255; however, the absence of an express no-benefit finding in the sentencing record does not invariably require that the sentence be vacated and the defendant resentenced. In Brager v. United States, supra at 898–899, this Court stated:

With regard to the usual situation in which the application for post-conviction relief is passed upon by the sentencing judge, we agree with the *Sappington* majority that the requirement of *Dorszynski* cannot be satisfied *ex post facto* merely by an express judicial articulation of a prior implicit finding of no benefit. The sentencing judge cannot validate his sentence simply by saying, "I now explicitly find that the defendant would have derived no benefit from treatment under the Act because I implicitly made such a finding originally."

On the other hand, we think that if in the course of the post-conviction proceeding the sentencing judge is able conscientiously to make current explicit findings to the effect that at the time of sentence he was familiar with the Act, that he was aware that the defendant was a person eligible for treatment under the Act, that consideration was in fact given to employing the Act with respect to the defendant, and that it was determined at the time that the defendant would not benefit from treatment under the Act, the requirement of *Dorszynski* is adequately satisfied. * * * If such findings can be and are made, the sentencing judge can dismiss the post-conviction application. (Citations omitted.)

■ The findings made by the sentencing judge adequately comport with the type of findings which this Court, in *Brager*, held would constitute *post hoc* compliance with *Dorszynski*. Accordingly, vacation of the appellant's sentence was not required and dismissal was proper. *See Tasby v. United States*, 535 F.2d 464, No. 76–1101 (8th Cir. 1976).