**UNITED STATES of America, Appellee,**

v.

**Carlos Lamont SCRUGGS, Appellant.**

**No. 76–1132.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 2, 1976.

Decided July 13, 1976.

Carlos Lamont Scruggs, pro se.

Donald J. Stohr (former U. S. Atty.) and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, WEBSTER and HENLEY, Circuit Judges.

**PER CURIAM.**

Carlos Lamont Scruggs appeals from the denial of his petition under 28 U.S.C. § 2255 for relief from a twenty-year sentence imposed in 1971. The appeal is presently before us upon application of Scruggs for appointment of counsel. We deny the application and dismiss the appeal as frivolous. *See* Local Rules 2 and 9.

On February 10, 1971, Scruggs was convicted after trial by jury of aggravated armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and on February 26, 1971, was sentenced to a term of twenty-five years imprisonment. On appeal, this Court vacated the sentence because an essential element of 18 U.S.C. § 2113(d) was not submitted to the jury, and the case was remanded for resentencing solely under 18 U.S.C. § 2113(a). *Scruggs v. United States*, 450 F.2d 359 (8th Cir. 1971), *cert. denied*, 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972). On December 3, 1971, Scruggs was resentenced to a term of twenty years imprisonment.

■ At the time of his conviction, sentencing, and resentencing, Scruggs was 19 years old and thus eligible for treatment under the Youth Corrections Act, 18 U.S.C. §§ 5005 *et seq.* Since the District Court did not impose sentence under that Act, Scruggs was therefore entitled to have the District Court render an explicit finding of "no benefit" under the Act as required by the Supreme Court in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), a decision which this Court has held to be retroactive in application. *See Brager v. United States*, 527 F.2d 895, 898 (8th Cir. 1975); *Sappington v. United States*, 518 F.2d 28, 29 (8th Cir. 1975).[1]

■ On February 9, 1976, Scruggs filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, basing his claim for relief on the alleged failure of the District Court to make the "no benefit" finding required by *Dorszynski*. The District Court, which had originally sentenced Scruggs, *see* 28 U.S.C. § 2255, summarily denied the petition.[2]

■ The record of the December 3, 1971, resentencing proceeding discloses that the District Court did not make a "no benefit" finding or even refer to the Youth Corrections Act at that time.[3] At the original sentencing proceeding, however, counsel for Scruggs requested consideration under the Act:

I would like to suggest to the Court that perhaps society could best be served if consideration be given to placing this man under the jurisdiction of the Youth Act. He became nineteen last February—last January, Your Honor. It seems that there is sufficient time to utilize the

---

1. This Court held in *Brager v. United States*, 527 F.2d 895, 898 (8th Cir. 1975), and *Sappington v. United States*, 518 F.2d 28, 29 (8th Cir. 1975), that *Dorszynski* cannot be satisfied by the mere expedient of the District Court articulating a prior implicit finding of "no benefit" in rejecting a 28 U.S.C. § 2255 petition. We recognized, however, that:

   [I]f in the course of the post-conviction proceeding the sentencing judge is able conscientiously to make current explicit findings to the effect that at the time of sentence he was familiar with the Act, that he was aware that the defendant was a person eligible for treatment under the Act, that consideration was in fact given to employing the Act with respect to the defendant, and that it was determined at the time that the defendant would not benefit from treatment under the Act, the requirement of *Dorszynski* is adequately satisfied.

*Brager v. United States*, *supra*, 527 F.2d at 898–99. *See Tasby v. United States*, 535 F.2d 464, at 465–466 (8th Cir. 1976).

2. As noted in *Brager v. United States*, 527 F.2d 895, 899 (8th Cir. 1975):

   Since * * * *Dorszynski* holds that a sentencing judge is not required to justify his "no benefit" finding, he should be able initially to rule on a post-conviction application based on *Dorszynski* without holding an evidentiary hearing and without having the defendant present in court.

3. The resentencing proceeding was a formality in which the sentence was reduced from the maximum term under 18 U.S.C. § 2113(d) to the maximum term under 18 U.S.C. § 2113(a). Neither counsel nor the District Court indicated otherwise than that the considerations and arguments in mitigation of sentence at the previous proceeding were fully appreciated by the District Court.

intelligence of this man in proper methods rather than chalking him off so to speak, and for that reason it would be my suggestion, sir, that perhaps consideration could be given to sentencing him under the Youth Act with the opportunity then of quicker rehabilitation and quicker release.

The District Court responded:

This Court, and I think any other Court, is not insensitive, as it's been demonstrated here this morning, to giving people a chance, but when I read your presentence report and the things that you've been involved in; the consistent, continuing pattern of disregard for law and order and everything else, the Court sees no reason to sentence you under the Young Adult Offender Act.[4]

While the District Court did not specifically utilize the phrase "no benefit", its discourse clearly indicates that it considered sentencing Scruggs under the Youth Corrections Act and rejected this alternative because "no reason" to think Scruggs would benefit from such a sentence was apparent in view of his "consistent, continuing pattern of disregard for law and order". This determination adequately satisfies the "no benefit" requirement of *Dorszynski*.[5]

The application for appointment of counsel is accordingly denied and the appeal is dismissed.

BRIGHT, Circuit Judge (dissenting).

I respectfully dissent. One of the main purposes of the Youth Corrections Act, 18 U.S.C. §§ 5005 *et seq.*, is to try to prevent a young offender from following a lifetime of criminal activity. The Congress, I believe, recognized that to sentence a youth to a long prison term with adult criminals is, in effect, to conclude that rehabilitation of that young offender is a virtual impossibility. Because of the gravity of such a determination, Congress and the courts have required sentencing judges to make *explicit* findings of no benefit under the Youth Corrections Act before the defendant could be sentenced as an adult.

In the instant case, the district judge not only failed to make an explicit "no-benefit" finding under the Youth Corrections Act, but apparently considered only the Young Adult Offenders Act, 18 U.S.C. § 4209. The Young Adult Offenders Act applies only "[i]n the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction * * *." It permits special treatment only if the court affirmatively finds that the defendant "will benefit." Since Scruggs had just turned 19 at the time of sentencing, this statute did not apply to him. The district judge's inconclusive comments concerning the Young Adult Offenders Act at defendant's initial sentencing[6] cannot be construed as an explicit no-benefit finding under the Youth Corrections Act. Instead, they may reflect a failure to make the affirmative finding of probable benefit required by the Young Adult Offenders Act.

Accordingly, I would reverse and remand this case either for resentencing or for a "conscientiously" made determination by the district court that it was aware of the Youth Corrections Act at the time of sentencing and determined at that time that

4. The District Court obviously misstated its reference to the Youth Corrections Act as the Young Adult Offender Act, 18 U.S.C. § 4209, which is applicable only to defendants between twenty-two and twenty-six years of age, and, unlike the Youth Corrections Act, does not require a negative finding of "no benefit". *See United States v. Garrison*, 527 F.2d 998, 1000 (8th Cir. 1975).

5. As noted, the District Court's determination predated *Dorszynski.* To avoid future petitions of this kind, it would be preferable to couch such determinations in terms of "no benefit"

rather than "no reason" because, all things being equal, the youth offender is entitled to treatment under the Youth Corrections Act.

6. Defendant was initially sentenced to 25 years' imprisonment but on appeal this court ordered resentencing under a different statutory section. *Scruggs v. United States*, 450 F.2d 359 (8th Cir. 1971), *cert. denied*, 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972). At defendant's resentencing, the district court made no mention whatsoever of the Youth Corrections Act.

defendant would receive "no benefit" under the Act. *Tasby v. United States*, 535 F.2d 464, at 465–466 (8th Cir. 1976); *Brager v. United States*, 527 F.2d 895, 898–99 (8th Cir. 1975).