Clark A. RIVERA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1635.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 23, 1976.

Decided Oct. 5, 1976.

Clark A. Rivera, pro se.

Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before LAY, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This case is before the court on the court's own motion pursuant to Rule 9(a) of the rules of this court. Mr. Rivera has filed a response to the order of this court to show cause why the case should not be dismissed.

Rivera was sentenced by United States District Judge Edward Devitt on June 24, 1974, for an eight year period with the proviso that he would be eligible for parole at such time as the Board of Parole should determine. At that time Rivera was nineteen years of age. The trial court did not, at the time of sentencing, make a finding that the petitioner was or was not a suitable candidate for sentencing under the Youth Corrections Act as required by *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

Rivera brought this § 2255 complaint alleging that under *Dorszynski* he was entitled to be resentenced and that he should be resentenced under the Youth Corrections Act.

In response to this complaint Judge Devitt made supplementary findings as follows:

At the time of imposing sentence, I was familiar with the Youth Corrections Act and was aware that the defendant, Clark A. Rivera, was of such age that he was eligible for treatment under the Act. Consideration was, in fact, given to whether or not the Act should be employed with respect to the defendant, Clark A. Rivera, and the court determined at the time that the defendant would not benefit from treatment under the Act.

I had the benefit of a thorough presentence report prepared by the Federal Probation Office, District of Minnesota, concerning the background, environment, previous history, and personality of the petitioner. From that report, it showed a long history of use of narcotics, disregard for the law, and violent crimes, I determined that Clark A. Rivera would not benefit from treatment under the Youth Corrections Act.

I now make the above findings which were facts at the time of sentencing and I direct that these findings be made a part of the record and copied into the original proceedings.

In *Tasby v. United States*, 535 F.2d 464 (8th Cir. 1976), we held that this type of retroactive finding satisfies the requirements of *Dorszynski* and *Brager v. United States*, 527 F.2d 895 (8th Cir. 1975). For this reason the appeal in this case is hereby dismissed.