UNITED STATES of America, Appellee,

v.

David Keith FRENCH, Appellant.

No. 78–1018.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1978.

Decided May 18, 1978.

Cynthia S. Holmes, St. Louis, Mo., for appellant.

Robert D. Kingsland, U.S. Atty. and Mitchell F. Stevens, Asst. U.S. Atty., Michael W. Reap, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

David Keith French pled guilty to Counts I and IV of a seven-count indictment. Count I charged distribution of cocaine, and Count IV charged possession with intent to distribute lysergic acid diethylamide, both in violation of 21 U.S.C. § 841(a)(1). On August 12, 1977, the District Court sentenced French to six years with a special parole term of three years on Count I and five years with a special parole term of two years on Count IV. The sentences are concurrent. At the sentencing hearing, the Court stated:

In view of the involvement indicated the Court will state first that it makes an affirmative finding that in view of this young man's situation, from his plea of guilty, he will not benefit from rehabilitation treatment, and accordingly will be sentenced as an adult.

French filed a timely motion pursuant to Fed.R.Crim.P. 35 seeking either a reduced sentence, or probation or resentencing under the Federal Youth Corrections Act. The motion was denied. French's motion for leave to appeal *in forma pauperis* was granted and his notice of appeal was timely

filed. The sole issue raised is whether the District Court's denial of French's motion for reduction of sentence and/or sentencing under the Federal Youthful Offender Act was error. We affirm.

 On the record at the sentencing hearing, the District Court judge made an express finding that French would not benefit from sentencing under the Federal Youth Corrections Act. Where such a finding is made by the District Court, supporting reasons need not be given and the Court's failure to sentence under the Act is not improper. *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *Tasby v. United States*, 535 F.2d 464 (8th Cir. 1976).

French also argues that the District Court abused its discretion when it sentenced French to terms as lengthy as those received by . French's codefendant. The claim is without merit. The sentences are well within the statutory limits. Moreover, the District Court considered the presentence report and the factual situation surrounding the charges before the sentencing.

We find no abuse of discretion in the sentencing or in the denial of the Rule 35 motion for reduction of sentence.

Affirmed.