**UNITED STATES of America, Appellee,**

**v.**

**Donald Joe WILSON, Appellant.**

**Daniel Clarence Turner and Billy Edward Lacy.**

**No. 79–2053.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1980.

Decided May 20, 1980.

---

Donald Joe Wilson, on brief, pro se.

George W. Proctor, U. S. Atty., Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

## PER CURIAM.

Appellant Donald Joe Wilson, proceeding *pro se*, appeals the district court's [1] denial of his motion to vacate sentence and judgment pursuant to 28 U.S.C. § 2255. For the reasons indicated below, we affirm.

Appellant was sentenced in 1973 to a term of life imprisonment for interstate transportation of a kidnapped person. Sentence was imposed in the Eastern District of Arkansas [2] pursuant to the provisions of 18 U.S.C. § 4208(a)(2),[3] under which appellant would be eligible for parole at any time within the discretion of the United States Board of Parole. No appeal was taken from the judgment.

Six years later, appellant filed the present motion to vacate the judgment pursuant to 28 U.S.C. § 2255, alleging that the sentencing court had failed to make an express finding that he would not benefit from sentence under the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.*, as required by the Supreme Court's decision in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). Wilson was twenty-one years old at the time of sentencing, and thus was eligible for treatment under the Act.[4] On the basis of the original trial record, the district court entered an ex post facto "no benefit" finding and denied appellant's motion.

On appeal, Wilson argues that the district court should have conducted an evidentiary hearing prior to its "no benefit" finding so as to take into account his rehabilitation between the time of the original sentencing and his § 2255 motion. Several additional issues presented to the district court are not renewed on appeal.[5]

---

1. The Honorable J. Smith Henley, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by special designation.

2. The Honorable J. Smith Henley. Judge Henley thus originally imposed sentence and considered the § 2255 petition. *See United States v. Lacy*, 586 F.2d 1258, 1263 (8th Cir. 1978) (en banc).

3. 18 U.S.C. § 4208(a)(2) is now codified at 18 U.S.C. § 4205(b)(2) (1976).

4. The Federal Youth Corrections Act, 18 U.S.C. § 5006(d), defines a youth offender as a person under the age of twenty-two at the time of conviction. Under § 5010(b) and § 5010(c) of the Act, a youth offender may be sentenced to treatment and supervision in lieu of the penalty otherwise provided by law. Under § 5010(a), the offender may receive a suspended sentence or be placed on probation.

5. Appellant alleged in district court that (1) his guilty plea was not made with an understanding of the consequences, because he was

Appellant essentially invites us to modify *Brager v. United States*, 527 F.2d 895 (8th Cir. 1975), wherein this Court en banc held that the requirement of an express "no benefit" finding can be satisfied by an ex post facto finding of the judge considering a § 2255 motion:

[T]he sentencing judge . . . [must] make current explicit findings to the effect that *at the time of sentence* he was familiar with the [Federal Youth Corrections] Act, that he was aware that the defendant was a person eligible for treatment under the Act, that consideration was in fact given to employing the Act with respect to the defendant, and that it was determined at the time that the defendant would not benefit from treatment under the Act.

*Brager v. United States, supra*, 527 F.2d at 898–99 (emphasis added). As emphasized above, the ex post facto finding approved in *Brager* is concerned only with the offender's character and eligibility for special sentence at the time of sentencing.

Appellant urges us to modify *Brager* "to encompass procedural due process between the time of original sentence and the application for resentence." Giving liberal construction to his somewhat unclear argument, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Hill v. Wyrick*, 570 F.2d 748 (8th Cir.), *cert. denied*, 436 U.S. 921, 98 S.Ct. 2272, 56 L.Ed.2d 764 (1978), we read Wilson to argue that the court hearing a § 2255 motion may not merely recall the consideration given to special sentence at the time of sentencing. Instead, Wilson contends that the court must receive evidence as to the offender's current eligibility for special sentence.

We find, contrary to appellant's contention, that the Federal Youth Corrections Act requires neither an expansion of the ex post facto finding outlined in *Brager*, nor an expansion of procedures for making this finding. As applied at the time of sentencing, the provisions of the Act are permissive, allowing commitment of a youth offender for observation and study prior to sentencing "if the court desires additional information as to whether a youth offender will derive benefit from treatment" under the Act. 18 U.S.C. § 5010(e). Under Fed. R.Crim.P. 32(c), the sentencing court will customarily receive a presentence report, but such a report is not mandatory and may be dispensed with in the discretion of the court. *Stead v. United States*, 531 F.2d 872, 875 (8th Cir. 1976); *United States v. Hazelrigg*, 430 F.2d 580 (8th Cir. 1970); *Cassidy v. United States*, 428 F.2d 585 (8th Cir. 1970).

Since a presentence study and evidentiary hearing are not prerequisites to a "no benefit" finding at sentencing, appellant cannot convincingly argue that these procedures are required on a motion to correct sentence. It is unlikely that Congress intended to give the § 2255 movant greater procedural rights than are accorded youth offenders at original sentencing.

We conclude that the district court in this case properly made its ex post facto "no benefit" finding on the basis of the record alone.

We have consistently upheld ex post facto findings of "no benefit" which, as here, meet the *Brager* standards, *United States v. French*, 575 F.2d 677 (8th Cir.), *cert. denied*, 439 U.S. 872, 99 S.Ct. 206, 58 L.Ed.2d 185 (1978); *Rivera v. United States*, 542 F.2d 478, 479 (8th Cir. 1976); *DeVerse v. United States, supra*, 536 F.2d 804 at 805 (8th Cir. 1976); *Tasby v. United States*, 535 F.2d 464, 466 (8th Cir. 1976), and we decline to hold that the Federal Youth Corrections Act requires more than *Brager* sets forth.

Appellant's claim that the due process clause requires an evidentiary hearing and updated study is equally without merit. In determining the requirements of due process, the question is whether, in the absence of an evidentiary hearing and updated report, an ex post facto "no benefit" finding

---

not informed of his eligibility for sentencing as a youthful offender; (2) he had been denied meaningful consideration for parole; and (3) he was denied effective assistance of counsel at his trial.

conforms with "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions," *Gideon v. Wainwright*, 372 U.S. 335, 343–44, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963); *In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 63, 77 L.Ed. 158 (1932), whether such a finding is infected with fundamental defects resulting in a miscarriage of justice, and whether it is consistent with rudimentary demands of fair procedures. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

It appears to us that the procedures under which the district court made its ex post facto finding were more than adequate. An updated report and evidentiary hearing would have been virtually pointless since, under *Brager*, the judge was only required to recall whether he considered sentence under the Federal Youth Corrections Act, and whether the offender at the time of sentencing was an appropriate candidate for such sentence. There is no violation of due process where the record alone allows an accurate determination of these matters.

For these reasons and on the basis of the district court's well-reasoned opinion, we affirm the judgment of the district court.