## UNITED STATES of America, Plaintiff-Appellee,

### v.

## Steve Michael KING and Robert Edward Jackson, Defendants-Appellants.

### Nos. 72–1009, 72–1010.

United States Court of Appeals,
Sixth Circuit.

Oct. 10, 1972.

Warren R. Webster, Knoxville, Tenn., on briefs, for defendants-appellants.

John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, Carl P. McDonald, Asst. U. S. Attys., Knoxville, Tenn., on briefs, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and TUTTLE * and O'SULLIVAN, Senior Circuit Judges.

PER CURIAM.

Defendants-appellants, Steve Michael King and Robert Edward Jackson, appeal from judgment of conviction, upon jury trial, of conspiring to engage in the manufacture of counterfeit $10.00 Federal Reserve notes, all as set out in Count I of the relevant indictment. Appellant King was also charged and convicted under a separate count, Count III, with aiding and abetting in the making of the involved counterfeit money.

Appellants present the following issues: (1) whether there was sufficient evidence to support the verdicts; (2) whether it was reversible error to permit a government witness to refer to his notes while testifying; (3) whether inadmissible hearsay was introduced against the defendants; (4) whether defendant Jackson was deprived of a fair trial when the District Judge, the U.S. Attorney and the court reporter misunderstood the name of a co-conspirator who was called "Eddie" instead of "Buddie;" and (5) whether the sentence of King was in excess of the statutory maximum.

1. A full transcript of the evidence at the trial has been furnished at gov-

---

* Honorable Elbert Par Tuttle, Senior U.S. Circuit Judge of the Fifth Circuit, sitting by designation.

ernment expense. Our review of it satisfies us that there was ample evidence of the participation of both appellants in the planning of the illegal enterprise. Likewise, the evidence of appellant King's aiding and abetting as charged in Count III was sufficient to allow the jury to pass on the question of his guilt.

There was a total of six men involved in the undertaking. Three of them entered pleas of guilty and one of these testified for the government, identifying appellants as participants in the illegal affair. The other three—appellants and one Taylor—stood trial and were convicted. Neither of the appellants testified at trial, and Taylor is not a party to this appeal. Other evidence introduced by the government consisted of samples of the involved counterfeit notes. These contained many latent fingerprints. An expert government witness identified both King's and Jackson's prints on the samples he examined.

Upon challenge to the sufficiency of the evidence, we examine it in a light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Collon, 426 F.2d 939, 942 (6th Cir. 1970). Obeying such rule, we find the evidence was sufficient to support the jury's finding of guilt.

■ 2. One of the government witnesses, while testifying, referred to some notes that he had prepared prior to taking the stand. Apparently this witness had done so to aid himself in giving correct dates as to certain events. No prejudice was shown, and the matter was within the discretion of the District Judge.

■ 3. Statements and admissions by other participants in the conspiracy were received in evidence. The District Judge was careful to caution the jury not to consider any of such evidence unless they first found that a conspiracy did in fact exist. It was within his discretion to permit reception of declarations and acts of alleged co-conspirators subject to later proof of the existence of the conspiracy. United States v. Acuff, 410 F.2d 463, 466 (6th Cir. 1969). Existence of the conspiracy was supported by admissible evidence.

4. Our examination of the trial transcript persuades us that no prejudice was visited upon appellants by the alleged confusion between "Eddie" and "Buddie."

■ 5. The District Judge sentenced appellant King to seven years imprisonment under Count I (conspiracy) and to seven years under Count III (aiding and abetting), such sentences to run concurrently. Under the conspiracy count, 18 U.S.C. § 371, the maximum term of imprisonment that could be imposed is five years. Even though the District Judge made the sentence subject to 18 U.S.C. § 4208(a)(2), the imposition of seven years under Count I was erroneous.

We affirm the convictions of both appellants, but remand the matter to the District Judge to correctly sentence King under Count I.