Thus, faced with the limitations on deductibility by the husband contained in

Section 215—the fountainhead of permissible deductions for payments pursuant to Section 71—and the legislative history of Section 483, we will reject taxpayers' innovative contentions.

The judgment of the district court will be affirmed.

**Maurice JACKSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74–1615.**

United States Court of Appeals, Tenth Circuit.

Feb. 10, 1975.

**1336**

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

Appellant, a federal prisoner, was convicted by a jury of bank robbery.[1] He was sentenced to a term of 18 years on December 20, 1972, at which time he was under the age of 22 years. The sentencing court did not make an express finding that Jackson would not derive benefit from treatment under the provisions of the Youth Corrections Act, 18 U.S.C. § 5005 et seq. By way of this proceeding under 28 U.S.C. § 2255, Jackson challenges the procedure by which he was sentenced. Specifically, he contends that the sentencing court erred in failing to make an express finding that he would not benefit from treatment under the Act as required by 18 U.S.C. § 5010(d).

In the § 2255 proceedings, the district court acknowledged that an express "no benefit" finding was not made at sentencing. However, the district court stated that at the time of sentencing it was fully aware of the Act and the eligibility of appellant for treatment there-. under. It was the sentencing court's decision and implicit finding that Jackson would not benefit from treatment under the provisions of the Act.

▮▮ Without question, a district court is now required by § 5010(d) to make an express finding on the record that a youth offender will not benefit from treatment under the Act before sentencing him as an adult. Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (decided June 26, 1974). The issue thus presented here for consideration is the retrospective effect, if any, of the Dorszynski rule on Jackson's sentence which was imposed in 1972. The Supreme Court has repeatedly cited three criteria as relevant in determining whether a newly announced rule is to be given retrospective application: 1) the purpose of the new rule; 2) the extent of the reliance on the old rule; and 3) the effect retroactive application would have on the administration of justice. Michigan v. Payne, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973). Applying the criteria of Michigan to the facts of this case, we think that Dorszynski need not be given retrospective application.

The purpose of Dorszynski is to make it clear on the record that the sentencing judge considered the sentencing alternatives available to him under the Act. The facts of this case clearly indicate

---

1. His conviction and sentence were affirmed on direct appeal, United States v. Jackson, unpublished 73–1214 (10th Cir. 1973).

that alternative methods exist by which it can be shown that the sentencing court was aware of sentencing options. Accordingly, retroactivity cannot be regarded as essential to achieve the objective of the new rule. Neither do the second or third criteria dictate retroactive application. *Dorszynski* changed what had been the rule in the majority of the Circuits which had passed on the question of findings required by the Act. Owens v. United States, 383 F.Supp. 780 (M.D.Pa.1974). Doubtless, with many courts proceeding in justifiable reliance on the prior procedural standard, a substantial number of sentences, properly imposed, would needlessly be subjected to question if this rule were to be given retroactive effect.

In *Dorszynski*, the Supreme Court created no new right, but established procedural safeguards to protect the rights of a defendant under the Act, already in existence prior to the Court's decision. We believe that this case is closely parallel to the situation which confronted the Supreme Court in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). There, the Court held that its decision in McCarthy v. United States, 394 U.S. 459 (1969), requiring strict adherence to Rule 11 of the Federal Rules of Criminal Procedure, was not retroactive. Therefore, the reasoning in *Halliday*, especially with respect to the reliance factor and the adverse effect on the administration of justice, is highly persuasive and compels the conclusion that the rule announced in *Dorszynski* should not be applied retroactively.

Further, in the § 2255 proceedings, the district court clarified the record by stating that at the time of appellant's sentencing, the "sentencing judge" was aware of both the Act and Jackson's eligibility for treatment thereunder, but decided that he would not benefit from treatment under the Act. This in our view, is all that *Dorszynski* requires.

"Once it is made clear that the sentencing judge has considered the option of treatment under the Act and

rejected it, . . . no appellate review is warranted." Dorszynski v. United States, supra, 94 S.Ct. at p. 3053.

Upon docketing in this court, the parties were notified that we were considering summarily affirming the decision of the district court and of their right to file memoranda in support of their respective positions. However, neither party elected to do so. Nevertheless, after a careful and thorough review of the files and records in this case, we are convinced that the district court properly denied relief.

Affirmed.