Larry COLEMAN, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–1540.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 11, 1976.

Decided March 29, 1976.

Larry Coleman, pro se.

George J. Long, U. S. Atty., Richard A. Dennis, Asst. U. S. Atty., Louisville, Ky., for respondent-appellee.

Before WEICK, EDWARDS and CELE-BREZZE, Circuit Judges.

PER CURIAM.

Appellant appeals pro se from the District Court's denial of his motion to vacate sentence under 28 U.S.C. § 2255 (1970). Previously he had been convicted of bank robbery on October 10, 1973, and was sentenced to 25 years imprisonment on December 10, 1973.

On appeal that conviction and sentence was affirmed by this court by order dated April 19, 1974, in case Nos. 73–2167–68, and the United States Supreme Court denied certiorari, 419 U.S. 855, 95 S.Ct. 99, 42 L.Ed.2d 87 (1974).

Appellant's § 2255 motion argued two issues as to which this court granted the government's motion to affirm the District Court's decision in an order entered September 10, 1975. The issue which remains in this appeal pertains to appellant's argument that when sentenced in 1973, he was eligible for sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5010 (1970), and that the court made no express finding that he would not benefit from sentencing under that Act. After the District Judge entered the sentence on December 10, 1973, this court and the United States Supreme Court both decided cases which required express findings of "no benefit" to the defendant where eligibility for sentencing under the Federal Youth Corrections Act existed and its provisions were not employed. *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *Brooks v. United States*, 497 F.2d 1059 (6th Cir. 1974).

Our concern with this case was triggered by the fact that a number of circuits have applied *Dorszynski* to cases which were final at the time *Dorszynski* was decided without, however, expressly stating that *Dorszynski* should be given retroactive effect.[1] On the other hand, the Tenth Circuit has expressly held *Dorszynski* to have pro-

---

1. *Sappington v. United States*, 518 F.2d 28 (8th Cir. 1975); *Belgarde v. United States*, 503 F.2d 1054 (9th Cir. 1974); *United States v. Flebotte,* 503 F.2d 1057 (4th Cir. 1974); *Hoyt v. United States*, 502 F.2d 562 (5th Cir. 1974).

spective effect only. *Jackson v. United States*, 510 F.2d 1335 (10th Cir. 1975).

On inspection of the record in this case, we find it to be peculiarly inappropriate for deciding the issue referred to above. In addition to the nature of the crime for which defendant had been convicted and the nature of the sentence thought appropriate by the sentencing judge, we take into account in this regard appellant's prior record which was before the District Court at the time of sentencing and which was a Juvenile Court record extending from 1963 through 1968, and a continuing record in Kentucky's Criminal Courts down to the date of the subject bank robbery. If we were to assume *Dorszynski* should be applied retroactively, remand for resentencing on this record would, we believe, be a meaningless gesture.

The judgment of the District Court as to this issue also is therefore affirmed.