**David PARKER, Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, John H. Powell, Jr., Chairman.**

No. 75–1828.

United States Court of Appeals, District of Columbia Circuit.

Argued March 5, 1976.

Decided April 15, 1976.

2. 9 Moore's Federal Practice ¶ 204.13[2], at 974–75 (2d ed. 1975).

Richard B. Wolf, Washington, D. C., with whom Victor H. Kramer and Charles E. Hill, Washington, D. C., were on the brief for appellant.

John D. Schmelzer, Atty., E. E. O. C., Washington, D. C., for appellee. Beatrice Rosenberg and Charles L. Reischel, Attys., E. E. O. C., Washington, D. C., were on the brief for appellee.

* Plaintiffs point out that if the Commission's textual argument is correct, they would not be able to disclose the agreement when bringing suit on the agreement. The Commission responds that the writing of an agreement carries in their view, an implied term, permitting its disclosure when there is a claim of breach and a lawsuit.

Before LEVENTHAL, ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

We affirm on the reasoning of District Judge Robinson. (See Appendix.) This case requires a choice between two important statutory policies. In general the disclosure policy of the FOIA is favored. But it itself provides an exception for particular statutes where statutory policy provides for non-disclosure. The Supreme Court has extended that exemption beyond what may have been its narrowest compass. *FAA Administrator v. Robertson,* 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975). The Commission persuades us that in general the scheme of its statute is such as to favor "out of court" settlements. And while a settlement agreement is more formal than the proceeding negotiations and dialogue, it is still "informal" as compared with a lawsuit and its resonances. In this sense the policy as well as the text * of the EEOC statute lead us to accept the opinion below.

*Affirmed.*

## APPENDIX

United States District Court, for the District of Columbia.

Civ. A. No. 74–1262.

[Filed May 29, 1975. James E. Davey, Clerk]

David Parker, Plaintiff

v.

Equal Employment Opportunity Commission, et al., Defendants

MEMORANDUM OPINION AND ORDER

By this action Plaintiff pursuant to the Freedom of Information Act (FOIA), 5

Statutorily speaking we need not decide the issue. The disclosure of the agreement in such a lawsuit for breach would not be predicated on a general power to disclose but only on a theory of consent.

U.S.C. § 552, seeks from the Equal Employment Opportunity Commission (EEOC or the Commission) copies of all predetermination settlement agreements and conciliation agreements made in the Commission's Philadelphia Regional Office during March, 1974. The Commission has refused Plaintiff's request on the grounds that they are statutorily prohibited from releasing such documents without consent of the signatories thereto. There are no material facts in dispute and the case is currently before the Court on cross-motions for summary judgment. The sole question for resolution is whether these documents are within Exemption 3 of the FOIA which withholds from the Act's broad disclosure mandate "matters that are—specifically exempted from disclosure by statute" 5 U.S.C. § 552(b)(3). For reasons explained below, the Court concludes that these agreements are within the exemption, and thus the defendant's motion for summary judgment must be granted.

The documents sought by Plaintiff are agreements made between the Commission, persons who file discrimination complaints in their office (the charging party), and employers and labor organizations who are charged with discrimination (the respondent). Predetermination settlement[s] (PDS) are entered into after a charge is filed but before any determination of reasonable cause by the Commission. Conciliation agreements are made after such a determination is made. Both documents reflect settlement of discrimination charges prior to any Court action.

The Commission has denied Plaintiff's request for these agreements relying upon the exemption created by 5 U.S.C. § 552(b)(3) which provides:

> (b) This section does not apply to matters that are—
>
>> (3) specifically exempted from disclosure by statute.

The Commission's position is that 42 U.S.C. (Supp. II) § 2000e-5(b), section 706 of the Civil Rights Act of 1964, prohibits them from public release of these documents. This statutory provision, set out in full in the margin,* outlines the procedure to be followed at the Commission after a discrimination charge is filed. The Commission is instructed first to investigate all charges to determine whether there is reasonable cause. If no such reasonable cause is found, the charge is to be dismissed. The

---

* Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint-labor management committee controlling apprenticeship or other training or retraining, including on-the-job training programs has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires. Charges shall not be made public by the Commission. If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action. In determining whether reasonable cause exists, the Commission shall accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law pursuant to the requirements of subsections (c) and (d) of this section. If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both. The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge, or where applicable under subsection (c) or (d) of this section, from the date upon which the Commission is authorized to take action with respect to the charge.

statute specifically proscribes publication of charges. If the Commission finds reasonable cause, the statute advocates resolution of such complaints by "informal methods of conference, conciliation and persuasion." The statute clearly prohibits the Commission from publishing anything "said or done during and as part of such informal endeavors" and restricts the Commission from using such information in any subsequent judicial proceeding without consent of the persons involved. Unauthorized publication or use of such matters carries a criminal penalty.

This controversy centers around the scope of this confidentiality provision. The Commission classifies these agreements as results of "informal endeavors" included in the confidentiality provision. Thus, they view the documents as specifically exempted from disclosure by statute within Exemption 3 of the FOIA. Plaintiff, however, argues that the statutory prohibition upon which Defendants rely is not so broad as to include the documents sought herein. At the outset, Plaintiff asserts that PDS are not within the confidentiality provision because they are entered into *before* a reasonable cause determination is found. But pretermitting that determination, Plaintiff argues that both agreements are not within the confidentiality provision because they are *formal* documents which the Commission alleges may be introduced into evidence in subsequent proceedings. To bolster this assertion that these agreements are not "informal endeavors", Plaintiff relies upon the "plain wording" of the statute. In addition, Plaintiff recites legislative history to support his theory that the confidentiality provision was inserted to preserve the integrity of the conciliation process while in progress only and to prevent proliferation of rumors during the negotiation period.

Although Plaintiff makes exhaustive argument to support his interpretation, the Court is not persuaded that the confidentiality provision can be read so narrowly.

The Freedom of Information Act represents a strong legislative policy advocating broad disclosure of government records and exemptions under the Act are to be narrowly construed. *Vaughn v. Rosen,* 157 U.S.App. D.C. 340, 484 F.2d 820 (1973); *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974); *Cuneo v. Schlesinger,* 157 U.S.App. D.C. 368, 484 F.2d 1086 (1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). When seeking to rely upon Exemption 3, the agency has the burden of establishing that the documents sought are "specifically exempted from disclosure by statute." In order to meet this burden, the agency must show that "the statute therein referred to . . . itself specifies the document or categories of documents it authorizes to be withheld from public scrutiny." *Robertson v. Butterfield,* 162 U.S. App.D.C. 298, 498 F.2d 1031 (1974); *cert. granted,* 419 U.S. 1067, 95 S.Ct. 654, 42 L.Ed.2d 663, 43 U.S.L.W. 3348 (1974).

The Court concludes that even though the documents sought herein are not specifically mentioned in the statute upon which Defendants rely, the agreements are specifically within the "categories of documents" which the Commission is prohibited from disclosing under Section 706 of the Civil Rights Act of 1964. Since PDS are entered into after only a cursory investigation and prior to a reasonable cause determination, these documents are within the language of the statute which prohibits disclosure of any "charges." PDS and conciliation agreements in every instance represent the natural culmination of successful "informal endeavors" suggested by the Act. Thus, the Court concludes that they represent matters "done . . . as a part of such informal endeavors" and are within the confidentiality provision.

In making the above determination regarding PDS and conciliation agreements, the Court gives weight to the 1972 amendments to the Civil Rights Act of 1964. In that year the statute was amended to in-

clude for the first time reference to conciliation agreements, and provided authorization for the Commission to bring suit in its own name if "the Commission had been unable to secure from the respondent a conciliation agreement acceptable to the Commission." 42 U.S.C. § 2000e–5(f)(1). In addition, at the same time Congress inserted the word "informal" to modify the term "endeavors" in the provision prohibiting disclosure or use in evidence of anything said or done in the course of conciliation, conference and persuasion. Finding no evidence in the legislative history to the contrary, the Court interprets these amendments and insertions as indication of the intent of Congress to contrast the Commission's well-known practice of settling disputes informally with their newly created power to resolve these controversies in the Courts. This interpretation supports the Court's conclusion that the documents sought herein are part of informal endeavors since they are negotiated prior to any formal Court action and with an eye toward avoiding litigation.

On the foregoing, it is this 29th day of May, 1975,

ORDERED that the Plaintiff's Motion for Summary Judgment is DENIED, the Defendant's Motion for Summary Judgment is GRANTED and this case is dismissed.

/s/ Aubrey E. Robinson, Jr.

AUBREY E. ROBINSON, Jr.
United States District Judge