**Steve M. KING**

v.

**UNITED STATES of America.**

Civ. No. 3–76–162.

United States District Court,
E. D. Tennessee, N. D.

May 18, 1976.

Steve M. King, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The Clerk is instructed to file this action without prepayment of fees and costs. 28 U.S.C. § 1915.

Steve M. King has filed a motion pursuant to 28 U.S.C. § 2255. He was convicted on May 21, 1971, as charged in Count I of the Indictment, of conspiring to engage in the manufacture of counterfeit $10.00 Federal Reserve Notes, and, as charged in Count III of the Indictment, of aiding and abetting. He was sentenced on June 16,

1972, to seven years' imprisonment on each count to run concurrently.

The convictions were affirmed by the Sixth Circuit, 467 F.2d 478 (6th Cir. 1972), but the case was remanded for resentencing on Count III. By Order of November 20, 1972, the Court reduced the sentence imposed under Count III to five years. Both sentences were made subject to 18 U.S.C. § 4208(a)(2). Petitioner was paroled on December 18, 1972, but was returned to custody on February 25, 1976, for a parole violation.

Petitioner alleges that when the sentence was imposed he was eligible for sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5010, and that the Court made no express finding that petitioner would not benefit from sentencing under the Act.

On June 26, 1974, almost three years after petitioner was sentenced, the Supreme Court held in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), that an express finding of "no benefit" is required in cases in which a defendant is under twenty-two years of age and is thus eligible for sentencing under the Youth Corrections Act, but is sentenced as an adult. The Sixth Circuit reached the same conclusion in a case decided approximately two weeks before *Dorszynski*. *See Brooks v. United States*, 497 F.2d 1059 (6th Cir. 1974).

A conflict among the circuits has developed on the question of whether *Dorszynski* must be applied to judgments which were final when *Dorszynski* was decided. In *Jackson v. United States*, 510 F.2d 1335 (10th Cir. 1975), the Tenth Circuit held that it has prospective application only. In *Brager v. United States*, 527 F.2d 895 (8th Cir. 1975), the Eighth Circuit, sitting *en banc*, held that *Dorszynski* applies retroactively, and that adult sentences imposed upon youth offenders before June 26, 1974, are technically illegal absent an express finding of "no benefit."

The Sixth Circuit has recognized this conflict but has left the question of retroactivity open. In *Coleman v. United States*, 532 F.2d 1062, 1063 (6th Cir. 1976), the Court held:

"On inspection of the record in this case, we find it peculiarly inappropriate for deciding the issue [of whether or not *Dorszynski* applies retroactively]. In addition to the nature of the crime for which defendant had been convicted and the nature of the sentence thought appropriate by the sentencing judge, we take into account in this regard appellant's prior record which was before the District Court at the time of sentencing . . . If we were to assume *Dorszynski* should be applied retroactively, remand for resentencing on this record would, we believe, be a meaningless gesture."

Even if we were to assume that *Dorszynski* must be applied retroactively, resentencing would be a "meaningless gesture" in light of the seriousness of the offense for which defendant was convicted and his record at the time of the conviction. The Court gave careful consideration to petitioner's sentence at the time it was imposed and is satisfied that the sentence was appropriate.

For the foregoing reasons, it is ORDERED that petitioner's motion pursuant to 28 U.S.C. § 2255 be, and the same hereby is, denied.

Order Accordingly.