**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frank Jerome HOYE,**
**Defendant-Appellant.**

No. 76–1407.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 1, 1976.
Decided Feb. 14, 1977.

John F. Lynch, Jr., Grand Rapids, Mich. (Court-appointed CJA), for defendant-appellant.

Frank S. Spies, U.S. Atty., Grand Rapids, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

Defendant Frank Jerome Hoye pleaded guilty to a one-count information charging him with kidnapping, 18 U.S.C. § 1201, and was sentenced to 25 years imprisonment. He appeals from the sentence imposed, claiming that it was harsh, excessive and based upon erroneous and prejudicial material contained in the presentence report. He further claims that the sentence was void because the district court failed to make an explicit finding on the record that he would not benefit from disposition under the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.,* the defendant being 21 years of age.

At oral argument, this court raised sua sponte the question of its jurisdiction over the appeal, it appearing from the record that no formal notice thereof was filed with the district court until more than eight months after the entry of judgment on June 6, 1975. On July 7, 1975, defendant's counsel filed a motion for a delayed appeal, explaining that on June 11, Hoye had written him a letter requesting that he pursue the appeal, which was not received until June 13. Counsel erroneously concluded that the ten days for appeal as of right had expired by that time.[1] The district court

---

1. As evidenced by the motion for an extension of time, the attorney believed that the regular ten-day period began after the date of the oral sentencing in court, June 2. Actually Rule 4, Fed.R.App.P., provides that the period begins to run after the entry of the judgment or order, which it defines as the entry "in the criminal docket". Here the entry occurred on June 6, and thus a notice of appeal could have been filed through June 16.

did not act upon the motion until February 4, 1976, when it entered an order granting the motion and extending the time for filing the notice of appeal for a period of ten (10) days from that date. It noted that "in the light of the strict time limitations prescribed in Fed.R.App.P. 4(b), this order will be entered nunc pro tunc." On February 13, 1976, a formal notice of appeal was filed in the district court.

■ Under Rule 4(b), a notice of appeal must be filed within ten days after entry of the judgment or order appealed from, unless upon a showing of excusable neglect, the district court extends the time for filing for a period not to exceed 30 days from the expiration of the time otherwise prescribed. Even assuming that excusable neglect was satisfactorily shown, it has uniformly been held that a district court has jurisdiction to excuse delay only where a notice of appeal has actually been filed within the 30-day period following the expiration of the regular appeal time. *United States v. Robinson,* 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *United States v. Stigall,* 374 F.2d 854 (6th Cir. 1967). *See Reed v. Michigan,* 398 F.2d 800 (6th Cir. 1968). The district court has no power to extend the filing period beyond the time limit prescribed by the rule. Thus counsel should have tendered the formal notice of appeal with his motion and in no event later than forty (ten plus thirty) days after entry of judgment. The failure to take any action whatever within 40 days of the entry of the judgment is invariably fatal.

■ However, where a document is filed within the 40-day period which represents a clear assertion of an intent to appeal, courts of appeals have the power to overlook irregularities where fairness and justice so require. *See* 9 Moore's Federal Practice ¶ 203.09 at 729 (1975). Since the motion was itself timely filed and contained most of the essential facts required of a notice of appeal under Rule 3, Federal Rules of Appellate Procedure, we elect to treat it as being in substantial compliance with the requirements of that rule. *See*

*Pasquale v. Finch,* 418 F.2d 627 (1st Cir. 1969); *See also Parker v. EEOC,* 534 F.2d 977 (D.C.Cir. 1976). We treat the provision for entry *"nunc pro tunc"* of the February 4, 1976 order as surplusage, noting that such provision would not cure the defect if it were otherwise fatal.

■ Upon consideration of the claims raised on appeal, we find them of no merit and belied by the record. The trial judge expressly considered and rejected the defendant's motion to be sentenced under the Federal Youth Corrections Act. In view of this specific consideration and noting the statements made upon the record at the time of sentencing, we conclude that there was substantial compliance with the requirements of *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). Upon the record before us, remand to require a more explicit finding would be a meaningless gesture. *See Coleman v. United States,* 532 F.2d 1062, 1063 (6th Cir. 1976).

■ Regarding Hoye's claim of improper use of erroneous information in the presentence report, we likewise think it is meritless. The record at the time of sentencing indicates that the contents of the report were reviewed by counsel for the defendant, who found nothing objectionable except for a reference to an allegation that his client was suspected of being involved in numerous rapes. This matter was called to the attention of the court, and the judge expressly disavowed any intent to rely upon such information. The other allegations of erroneous information raised for the first time on this appeal appear unsubstantial, even if they are factually correct, and we deem them waived by failure to make complaint at the time of sentencing.

In any event, the sentence reduction provisions of Rule 35, Federal Rules of Criminal Procedure, remain available to the district judge if, in his discretion, he desires to reconsider the sentence imposed in the light of those claims.

Affirmed.