**John Edward McKNABB,**
**Petitioner-Appellant,**

**v.**

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 76–2309.**

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 6, 1976.

Decided March 3, 1977.

John Edward McKnabb, pro se.

Eldon L. Webb, U.S. Atty., William M. Brown, Asst. U.S. Atty., Lexington, Ky., for respondent-appellee.

Before PHILLIPS, Chief Judge, EDWARDS and McCREE, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant McKnabb appeals from denial by a District Judge in the Eastern District of Kentucky of his motion to vacate sentence under 28 U.S.C. § 2255 (1970). After referral of the motion to the United States Magistrate and receipt of the Magistrate's report and recommendation, which report was made without hearing, the District Judge adopted the report and dismissed the cause of action.

Two significant issues are posed by this appeal.[1] The *first* is whether or not the District Judge's failure to secure a presentence report prior to administering a life sentence to appellant on his plea of guilty requires vacation of sentence and remand for resentencing after a presentence report. The other question is whether or not the *Dorszynski* case (*Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *see also Brooks v. United States,* 497 F.2d 1059, *modified,* 531 F.2d 317 (6th Cir. 1974)) should be applied retroactively under the facts of this case to require vacation of sentence and remand for the District Court to consider sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.* (1970), and to enter an express finding of "no benefit" if he declines to sentence under the Act.

Appellant McKnabb was 20 years old at the time of sentencing and thus was within the age bracket of the Federal Youth Cor-

1. We find no merit on this record to appellant's claims that his guilty plea was involuntary, and that he was denied effective assistance of counsel. Under a 1973 Supreme Court ruling, the guilty plea served to waive appellant's other claim that he was denied counsel at interrogation after arrest. *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

rections Act, 18 U.S.C. § 5006(e) (1970). He and a 23-year-old codefendant were charged with kidnapping a 22-year-old woman by use of a pellet gun, transporting her from Ohio to Kentucky, and raping her. The victim had given birth to a child 15 days previously. After being raped and robbed, she was left by the perpetrators lying on the ground in a wooded area at night.

After originally pleading not guilty to the charges of interstate kidnapping, in violation of 18 U.S.C. § 1201 (1970), both men withdrew their pleas and pled guilty. Prior to the withdrawal of the pleas, they had been contacted by the Probation Office in order to conduct an interview as a part of a presentence report, and both, on advice of counsel, had refused to be interviewed.

The District Judge conducted a full Rule 11 examination of the defendant encompassing what he had done and the voluntariness of his plea and his understanding of the possible consequences of his guilty plea. Referring to appellant's refusal to furnish information for the presentence report and to the brutality of the crime, the District Judge refused counsel's suggestion that a presentence report be prepared and entered the life sentence. At that time the *Dorszynski* case had not been decided and the District Judge made no explicit "no benefit" finding as far as the Federal Youth Corrections Act was concerned.

## THE PRESENTENCE REPORT

In 1970 when appellant was sentenced, Rule 32(c)(1) provided:

(c) Presentence Investigation.

(1) When Made. The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation *unless the court otherwise directs.* The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty.

18 U.S.C. App., Fed.R.Crim.P. 32(c)(1) (1970). (Emphasis added.)

During the sentencing dialogue, the District Judge denied a suggestion that a presentence report be prepared. His refusal was apparently based on two facts. 1) Appellant, before entering his plea of guilty, had refused to talk to a probation officer of the court who was intending to prepare a presentence report. 2) The crime was brutal and without mitigating circumstances.

Refusal to order preparation of a presentence report, after a verdict or plea of guilty, solely or in part because the defendant had previously (while pleading not guilty) refused a presentence interview, ordinarily would represent a violation of Fifth Amendment rights.

Additionally, although well after this sentence, this court has expressed views strongly in favor of use of presentence reports in felony cases generally, and particularly in sentencing youthful offenders where substantial penitentiary terms may be contemplated. In quite different circumstances as far as the crime concerned, this court wrote:

> We feel compelled to vacate the sentences concerned and remand these cases for resentencing. The sentences themselves are within the limits prescribed by the statute concerned. 21 U.S.C. § 841(b)(1) (1970). But under the facts of this case we believe the sentencing procedure employed was clearly in violation of the spirit, if not the letter, of a federal procedural rule, Fed.R.Crim.P. 32(a)(1), and a recent United States Supreme Court case, *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1970).
>
> We do not lay down a mandatory rule for all criminal sentences in this Circuit. The critical facts in this case, as we view them, are these. These men are young, first offenders who were convicted of a nonviolent felony. They were obviously viewed by the District Judge at the conclusion of the trial as possibly eligible on the trial testimony alone as candidates for substantial terms in the federal penitentiary. In these circumstances the District Judge should have secured a presen-

tence report and he should have allowed defense counsel (who had not been warned of the possibility of immediate sentencing) a reasonable time to prepare statements on sentencing.

*United States v. Dinapoli,* 519 F.2d 104, 107 (6th Cir. 1975).

In a recent death sentence case the Supreme Court spoke even more strongly in favor of "informed sentencing":

*Furman* [*v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)] mandates that where discretion is afforded a sentencing body on a matter so grave as the determination of whether a human life should be taken or spared, that discretion must be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action.

It is certainly not a novel proposition that discretion in the area of sentencing be exercised in an informed manner. We have long recognized that "[f]or the determination of sentences, justice generally requires . . . that there be taken into account the circumstances of the offense together with the character and propensities of the offender." *Pennsylvania v. Ashe,* 302 U.S. 51, 55 [58 S.Ct. 59, 60, 82 L.Ed. 43] (1937). See also *Williams v. Oklahoma,* 358 U.S. 576, 585 [79 S.Ct. 421, 426, 3 L.Ed.2d 516] (1959); *Williams v. New York,* 337 U.S. 241, 247 [69 S.Ct. 1079, 1083, 93 L.Ed. 1337] (1949).[37] Otherwise, "the system cannot function in a consistent and rational manner." ABA Standards Relating to Sentencing Alternatives and Procedures § 4.1(a), Commentary, p. 201. See also President's Comm'n on Law Enforcement & Administration of Justice, The Challenge of Crime in a Free Society 144 (1967); Model Penal Code § 7.07, Comment 1, pp. 52–53 (Tent. Draft No. 2, 1954).[38]

[37] The Federal Rules of Criminal Procedure require as a matter of course that a presentence report containing information about a defendant's background be prepared for use by the sentencing judge. Fed.Rule Crim.Proc. 32(c). The importance of obtaining accurate sentencing information is underscored by the Rule's direction to the sentencing court to "afford the defendant or his counsel an opportunity to comment [on the report] and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report." Fed.Rule Crim.Proc. 32(c)(3)(A).

[38] Indeed, we hold elsewhere today that in capital cases it is constitutionally required that the sentencing authority have information sufficient to enable it to consider the character and individual circumstances of a defendant prior to imposition of a death sentence. See *Woodson v. North Carolina, post* [428 U.S. 280, at 303–305, 96 S.Ct. 2978, at 2991–2992, 49 L.Ed.2d 944].

*Gregg v. Georgia,* 428 U.S. 153, 189, 96 S.Ct. 2909, 2932–33, 49 L.Ed.2d 859 (1976).

Additionally, Rule 32(c)(1) has been revised as of December 1, 1975, to emphasize even more strongly the need for presentence reports. The Rule now reads:

(c) Presentence Investigation.

(1) *When Made.* The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record.

The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty, except that a judge may, with the written consent of the defendant, inspect a presentence report at any time.

18 U.S.C. App., Fed.R.Crim.P. 32(c)(1) (Supp. V, 1975).

We recognize, of course, that these expressions were not available to the District Judge in 1970, but under the rule as then stated, and the Fifth Amendment violation noted above, we would feel compelled to vacate this sentence and remand for resentencing after preparation of a presentence report if the essential purposes involved in such a disposition had not already been served.

The record discloses, however, that appellant filed a motion to reduce sentence. Prior to action on that motion, a sentence investigation report was prepared. The District Judge examined that report before denying the motion to reduce sentence. Under these circumstances we believe vacation and remand would be both redundant and futile.

## THE DORSZYNSKI ISSUE

The sentence attacked in this appeal was administered in 1970. Since then the Supreme Court in 1974 decided the *Dorszynski* case. In that case Chief Justice Burger wrote for the Court:

> Literal compliance with the Act can be satisfied by any expression that makes clear the sentencing judge considered the alternative of sentencing under the Act and decided that the youth offender would not derive benefit from treatment under the Act.
>
> This case provides an example of the problems arising when the required finding is left to implication. Counsel's references to the Act followed by the District Court's sentence indeed afford support for the argument that, by implication, the options of the Act were considered and rejected. However at the post-conviction hearing the District Court found from the record of the sentencing hearing the implication that the Act was "not applicable." It is thus unclear whether this meant the court believed petitioner to be legally ineligible for treatment under the Act—which would be error—or whether, realizing he was eligible, nevertheless deliberately opted to sentence him as an adult. An explicit finding that petitioner would not have benefited from treatment under the Act would have removed all doubt concerning whether the enlarged discretion Congress provided to sentencing courts was indeed exercised. *Dorszynski v. United States*, 418 U.S. 424, 444, 94 S.Ct. 3042, 3053, 41 L.Ed.2d 855 (1974).

It must be noted that the last sentence quoted above referred to a postconviction proceeding.

In relation to the instant motion to vacate sentence under 28 U.S.C. § 2255 (1970), filed December 11, 1974, the Magistrate recommended that the District Judge make an explicit finding on the question of Federal Youth Corrections Act benefits. In his order denying vacation of sentence, the District Judge adopted the Magistrate's recommendations and specifically found, "the court further considered the fact that the petitioner, John Edward McKnabb, was eligible for sentencing under the Youth Corrections Act and rejected that possibility because in the opinion of the presiding Judge, the petitioner, John Edward McKnabb, would not benefit from the provisions of said Act or from the imposition of a sentence thereunder."

We conclude that this finding by the District Judge represents substantial compliance with the *Dorszynski* standard.[2] *Accord, e. g., Robinson v. United States,* 536 F.2d 1109, 1110 (5th Cir. 1976); *Brager v. United States,* 527 F.2d 895, 898–99 (8th Cir. 1975) (en banc). *But cf. McCray v. United States,* 542 F.2d 1246 (4th Cir. 1976).

For the reasons indicated, the judgment of the District Court is affirmed.

2. The Circuits are divided on whether or not *Dorszynski* should be applied retroactively. *Compare McCray v. United States,* 542 F.2d 1246 (4th Cir. 1976); *Walls v. United States,* 544 F.2d 236 (5th Cir. 1976); *Brager v. United States,* 527 F.2d 895, 898 (8th Cir. 1975); (*En banc*) (*Dorszynski* held retroactive) *with Owens v. United States,* 383 F.Supp. 780, 785–87 (M.D.Pa.1974), *aff'd mem.,* 515 F.2d 507 (3rd Cir.), *cert. denied,* 423 U.S. 996, 96 S.Ct. 425, 46 L.Ed.2d 370 (1975); *Jackson v. United States,* 510 F.2d 1335 (10th Cir. 1975) (*Dorszynski* held not retroactive). Since we conclude that the postsentence procedures in the instant case would satisfy *Dorszynski,* we do not decide the issue of *Dorszynski's* retroactivity for this circuit. *See also United States v. Coleman,* 532 F.2d 1062 (6th Cir. 1976).