**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Anthony AHGOOM, Defendant-Appellant.**

**No. 78–1707.**

United States Court of Appeals,
Tenth Circuit.

Submitted March 26, 1979.
Decided April 17, 1979.

Anthony Ahgoom, pro se.

Before SETH, Chief Judge, and BAR-RETT and LOGAN, Circuit Judges.

PER CURIAM.

This is an appeal from denial of post-conviction relief sought by a motion filed in the United States District Court for the Western District of Oklahoma under 28 U.S.C. § 2255. We reverse the judgment in part, and remand for resentencing in compliance with *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

Appellant Anthony Ahgoom, an inmate of the El Reno Federal Reformatory, pled guilty to unlawfully possessing a firearm under 26 U.S.C. § 5861(d) which he had used to firebomb an Oklahoma City department store. Ahgoom was sentenced to an eight-year prison term.

One of appellant's claims in his § 2255 motion is that the district court erred in the proceeding because the court failed to consider the sentencing alternative under the Federal Youth Corrections Act (FYCA). The sentencing took place several months after the *Dorszynski* decision. In the § 2255 hearing the district judge acknowledged his remarks regarding FYCA sentencing could have been more explicit. But the judge stated that he considered the Youth Corrections Act and his comments at sentencing, to the effect that defendant's case minimally required an eight-year sentence, implicitly encompassed a finding of "no benefit" from sentencing under FYCA.

In *Dorszynski* the Supreme Court held that before a district court could sentence a youth offender under stricter adult provisions, the judge must make an express finding on the record that commitment under the FYCA would not benefit the defendant. 418 U.S. at 444, 94 S.Ct. 3042. *See also, United States v. Hopkins*, 174 U.S. App.D.C. 244, 531 F.2d 576 (1976); *United States v. Neal*, 527 F.2d 63 (8th Cir. 1975). Although *Dorszynski* does not require a sentencing judge track the exact wording of the statute, the decision does require an explicit showing that the judge considered the FYCA alternatives, and decided the youth offender would not derive benefit from treatment thereunder. *See United States v. Brackett*, 185 U.S.App.D.C. 394, 400, 567 F.2d 501, 507 (1977) (MacKinnon, J., concurring), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978). Sentencing proceedings, as here, where the "no benefit" finding is ascertained only by an implication from a suggestion outside the sentencing record that the FYCA had been considered and rejected, are unacceptable.

This court has refused to give *Dorszynski* retrospective effect, and has held an implicit finding of no benefit based on the sentencing judge's comments at the § 2255 proceedings is sufficient for a sentencing proceeding which took place prior to the *Dorszynski* decision. *Jackson v. United States*, 510 F.2d 1335, 1337 (10th Cir. 1975). Several other cases have held that sentencing proceedings predating *Dorszynski* may have the "no benefit" finding implied from the court's comments in § 2255 proceedings, from reference to the Act in the presentence report, or from defendant's prior criminal record which compelled the conclu-

sion that resentencing would be a "meaningless gesture." *McKnabb v. United States*, 551 F.2d 101 (6th Cir. 1977); *Coleman v. United States*, 532 F.2d 1062 (6th Cir.), *cert. denied,* 429 U.S. 847, 97 S.Ct. 132, 50 L.Ed.2d 120 (1976); *United States v. Coefield*, 155 U.S.App.D.C. 205, 476 F.2d 1152 (1973). These rulings are not relevant to this case, however, where the sentencing proceeding postdated *Dorszynski.* We accordingly remand so the defendant may be resentenced after the trial court gives explicit consideration to the FYCA.

We have considered the other grounds presented in appellant's motion to vacate sentence and agree with the district court's conclusions that none of them merit relief. The judgment is affirmed as to those claims.

Affirmed in part, reversed in part, and remanded for resentencing.