840 F.2d 18
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert WHITE, Sr., Defendant-Appellant.
 No. 87-1975.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1988.
 
 Before BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant appeals his jury conviction for conspiracy to engage in the unlawful dealing of firearms, being a felon in possession of a firearm, and receipt of a firearm. The plaintiff now moves to dismiss the appeal for lack of jurisdiction. Although the defendant has filed an appellate brief, he has not filed a response to the motion to dismiss.
 
 
 2
 The judgment and commitment order was entered in this case on July 9, 1987. Pursuant to Rule 4(b), Federal Rules of Appellate Procedure, the defendant had ten (10) days thereafter to file a notice of appeal. On September 22, 1987, district court received a letter from defendant stating that he wished to appeal his conviction but his attorney had not yet filed a notice of appeal. The Court construed this as a motion for extension of time and granted him twenty (20) days within which to file his notice of appeal. Defendant filed his notice of appeal on October 2, 1987, seventy-four (74) days beyond the time prescribed by Rule 4(b).
 
 
 3
 Extensions of time to file a notice of appeal in criminal cases are controlled by Rule 4(b) which provides:
 
 
 4
 [U]pon showing of excusable neglect the Court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty (30) days from the expiration of time otherwise prescribed by this rule.
 
 
 5
 Under this rule, a district court has the power to grant an extension of time only when the motion for extension is filed within the thirty (30) day period following the expiration of the regular appeal time. United States v. Robinson, 361 U.S. 220, 224, (1960). The failure to take any action whatever within forty (40) days of the entry of the judgment is fatal. United States v. Hoye, 548 F.2d 1271 (6th Cir.1977). See also, United States v. Kaden, 819 F.2d 813 (7th Cir.1987).
 
 
 6
 In this case the defendant did not file his motion for extension of time until seventy-four (74) days past the expiration of the regular appeal time. Thus the district court did not have the power to grant that motion. United States v. Kaden, supra. As a result, the notice of appeal is not timely and does not operate to confer jurisdiction upon this Court. Therefore,
 
 
 7
 It is ORDERED that the motion to dismiss is granted.