929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Katherine "Cat" SIMMONS, Defendant-Appellant.
 No. 91-5127.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1991.
 
 W.D.Tenn., 89-10042, Todd, J.
 
 
 1
 W.D.Tenn.
 
 
 2
 APPEAL DISMISSED.
 
 
 3
 Before RYAN and SUHRHEINRICH, Circuit Judges; and ZATKOFF, District Court Judge.
 
 ORDER
 
 4
 The defendant pleaded guilty to charges of possession with intent to distribute cocaine and marijuana and distribution of cocaine and was sentenced to 168 months of incarceration. The judgment and commitment order was filed on June 18, 1990. The defendant filed a pro se notice of appeal on August 13, 1990. Because the notice of appeal was beyond the 10-day limit for appeals in criminal actions, see Rule 4(b) Fed.R.App.P., the clerk of this court entered an order on March 4, 1991, directing the defendant to show cause why her appeal should not be dismissed for lack of appellate jurisdiction.
 
 
 5
 Trial counsel for the defendant has submitted two documents in response. The first is a document, signed and dated by the defendant on June 15, 1990, wherein she stated she did not want to pursue an appeal, but chose instead to serve her sentence. In the second document, counsel states the defendant "is suffering from substantial mental disability" and was "not aware of the consequences" in deciding not to appeal. He states she now wishes to pursue a direct appeal of her conviction and suggests the 10-day requirement of Rule 4(b) "be waived due to the mental disability of the defendant."
 
 
 6
 The timely filing of a notice of appeal is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. See Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978); United States v. Hatfield, 815 F.2d 1068, 1073 (6th Cir.1987); Rule 26(b) Fed.R.App.P. Here, the defendant did not file a timely notice of appeal or a motion for an extension of time to file a belated notice of appeal. Nor did she file anything within 40 days of the judgment and commitment order which could be construed as a motion for an extension of time. See United States v. Christoph, 904 F.2d 1036, 1039-40 (6th Cir.1990); United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977) (per curiam).
 
 
 7
 It therefore is ORDERED that this appeal is dismissed sua sponte for lack of appellate jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. This order is without prejudice to any remedies, if any, the defendant may wish to pursue under 28 U.S.C. Sec. 2255.
 
 
 8
 ---------------
 
 
 
 * The Honorable Lawrence P. Zatkoff, District Judge for the Eastern District of Michigan, sitting by designation.