944 F.2d 906
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guy Leonard PRINCE, Jacinto Jose Banos, James Richard
Miller, Defendants-Appellants.
 Nos. 90-3954, 91-3110 and 91-3193.
 United States Court of Appeals, Sixth Circuit.
 Sept. 6, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 These are criminal cases in which the defendants, who were convicted on drug charges, contend that they were prejudiced by the district court's failure to have all bench conferences recorded. Finding no prejudice, we shall affirm the convictions.
 
 
 2
 * Defendants Guy Leonard Prince, Jacinto Jose Banos, and James Richard Miller were tried and found guilty by a jury. On appeal from the convictions and sentences, this court remanded the cases to allow the district court to consider whether the defendants had been prejudiced by the court's failure to have all bench conferences recorded as required by the Court Reporters Act, 28 U.S.C. § 753. We also asked the district court to give further consideration to an unrelated issue pertaining to the sentencing of defendant Banos.
 
 
 3
 No formal hearing was held on the failure-to-record issue. The matter was discussed at a status conference, however, and the defendants submitted briefs in which they tried to show how they had been prejudiced by the fact that some eighteen or nineteen bench conferences were not recorded. The district court issued a detailed opinion in which it concluded that the defendants had not carried their burden of showing prejudice. Again the defendants have appealed on the Court Reporters Act issue. Defendant Banos, who was resentenced, has not appealed his sentence as such.
 
 II
 
 4
 The Court Reporters Act, 28 U.S.C. § 753, provides, in pertinent part, as follows:
 
 
 5
 "(b) Each session of the court ... shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge.... Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court...."
 
 
 6
 Recordation of bench conferences had in open court is mandatory, and it is the duty of the court to ensure that the requirement is fulfilled. United States v. Gallo, 763 F.2d 1504, 1530 (6th Cir.1985), cert. denied, 474 U.S. 1068, 1069 and 475 U.S. 1017 (1986). Failure to record all proceedings is not prejudicial error per se, however. Id. at 1530-31. To determine whether a defendant was in fact prejudiced, the reviewing court must consider the circumstances reflected in the record surrounding the omission. Id. at 1531.
 
 
 7
 Defendant Prince points to no specific instance in which he claims to have been prejudiced by the lack of a record. He argues in essence that he was prejudiced because neither he nor the district judge can recall what was said during the unrecorded conferences. Defendant Banos likewise claims prejudice because of the length of time that has elapsed since the conferences occurred and the failure of memories as to what was said. Mr. Banos does recall two specific unrecorded bench conferences, however. Citing United States v. Selva, 559 F.2d 1303 (5th Cir.1977), defendant Miller argues that he is entitled to a new trial without establishing that he suffered prejudice from the trial court's failure to record these conferences because "a substantial and significant portion of the record is missing, and [he] is represented on appeal by counsel not involved at trial." Id. at 1306. All of the defendants also argue that the district court erred in failing to conduct a hearing following the remand.
 
 
 8
 We agree with the district court that the defendants have failed to establish that they were so prejudiced by the failure to have every bench conference recorded that they are entitled to a new trial. We decline to find that the mere passage of time and the fading of memories establishes reversible error in a case such as this. The defendants' argument comes close to the one we rejected in Gallo: that all failures to record proceedings are per se reversible error.
 
 
 9
 We are not persuaded that the district court erred in failing to hold an evidentiary hearing. Although the parties agree that the possibility of such a hearing was discussed at the informal status conference, the defendants did not request such a hearing in the memoranda they filed with the district court. The memoranda disclose no need for a hearing, because they show no basic disagreement as to the number and general subject matter of the unrecorded bench conferences.
 
 
 10
 We have carefully reviewed the record surrounding the two bench conferences highlighted by Mr. Banos. The first occurred after his lawyer, Mr. Dye, completed his cross-examination of an agent of the Drug Enforcement Administration. Mr. Weiner, attorney for defendant Prince, was denied permission to ask further questions of the agent, and an unrecorded bench conference followed. The record reveals that shortly thereafter (seven pages later in the transcript), Mr. Weiner was permitted to put his exceptions on the record when the court called a morning recess.
 
 
 11
 The second conference occurred after the jury was polled and Mr. Dye objected to the discharge of the jury. The court's discussion with the juror who initially indicated reservations about the verdict was fully recorded, as were the defendant's objections to the ultimate discharge of the jury. The conferences certainly should have been recorded, but the defendants have not demonstrated that they were prejudiced by the court's failure to see that they were. The defendants have simply not been able to suggest how a verbatim account of what was said in any of the bench conferences could possibly have shown that they are entitled to new trials.
 
 
 12
 The fact that Mr. Miller has a new lawyer is not sufficient to demonstrate prejudice. See Gallo, where we expressed ourselves as follows:
 
 
 13
 "In some instances the failure of a court to follow the § 753(b) mandate will require reversal. We disagree, however, that a separate, less demanding test need be applied when a defendant is represented by new counsel on appeal. Absent a showing by counsel on appeal of a reasonable but unsuccessful effort to determine the substance of the off-the-record remarks and the nature of a claimed error, reversal is not an appropriate remedy. In any event, we refuse to apply two standards in reviewing § 753(b) problems when it happens that trial counsel and appellate counsel are not the same." 763 F.2d at 1530-31 (footnote omitted).
 
 
 14
 Although Mr. Miller's appellate counsel may not know any more about the details of the unrecorded bench conferences than we do, the general subject matter of each of the conferences at issue is apparent from the record, and we do not believe that Mr. Miller's right to a full record has been seriously offended.[1]
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 It may well be that we have no jurisdiction to consider defendant Miller's appeal at all. The district court entered its order on October 16, 1990, and Miller's notice of appeal was not filed until February 20, 1991. The docket sheet on Miller's case reflects that he filed a motion to extend the time for taking an appeal on February 8, 1991, and this motion was granted by the district court on February 19, 1991. The district court concluded that an extension was warranted under Fed.R.App.P. 4(b) because the clerk of the court never sent a copy of the October 16 order to Mr. Miller's attorney. Miller's notice of appeal was filed within the extended time granted by the district court
 Fed.R.App.P. 4(b) requires a criminal defendant to file his notice of appeal within ten days of the entry of the judgment from which the appeal is taken. The rule further provides that "[u]pon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." The words "not to exceed 30 days" presumably mean what they say. See United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977) ("the district court has no power to extend the filing period beyond the time limit prescribed by the rule.... The failure to take any action whatever within 40 days of the entry of the judgment is invariably fatal.") We need not decide the jurisdictional question, however, where the case can easily be disposed of on other grounds. Hall v. Knott County Bd. of Educ., 941 F.2d 402 (6th Cir.1991); Ripon Society, Inc. v. Nat'l Republican Party, 525 F.2d 567, 576 (D.C.Cir.1975) (en banc), cert. denied, 424 U.S. 933 (1976).