966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis TERRELL, Defendant-Appellant.
 No. 92-1506.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1992.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant appeals from the conviction and sentence entered pursuant to his plea of guilty to a charge of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base. For purposes of 28 U.S.C. § 1291, the final judgment was entered on February 20, 1992, when the judgment and conviction order was entered on the district court's docket sheet. Pursuant to the provisions of Rules 4(b) and 26(a), Fed.R.App.P., the defendant had ten days from the entry of judgment, i.e., until March 2, 1992, in which to file his notice of appeal.
 
 
 2
 The defendant is incarcerated and has filed his appeal pro se. A defendant incarcerated in a federal prison and acting without the aid of counsel is deemed to have filed his notice of appeal in time if, within the ten day period provided by the Rule, he delivers such notice to the prison authorities for forwarding to the district court clerk. Houston v. Lack, 487 U.S. 266, 270 (1988). The defendant's notice of appeal is dated March 30, 1992. In a memo attached to his notice of appeal, he indicates that he delivered the notice to the prison authorities for forwarding to the district court clerk on April 13, 1992. This date is not within the ten-day time period provided by Rule 4. The court, therefore, has no jurisdiction over the defendant's appeal. Timely filing of a notice of appeal is a mandatory and jurisdictional requirement which this court can neither waive nor extend. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978).
 
 
 3
 Nor may this court construe the notice of appeal as a request for an extension of time as provided by Rule 4(b). The defendant's notice of appeal was delivered to the prison authorities on April 13, fifty-three days after entry of judgment. The failure to take any action within forty days of the entry of judgment is invariably fatal. United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977).
 
 
 4
 It is therefore ORDERED that the defendant's appeal is dismissed sua sponte for lack of appellate jurisdiction. Rule 9(b)(1), Local Rules of the Sixth Circuit. This order is without prejudice to any remedy the defendant may have under 28 U.S.C. § 2255.