979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Basim EL-AMIN Defendant-Appellant.
 No. 92-2339.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant, who is incarcerated, appeals his conviction and sentence for conspiracy to distribute and to possess with intent to distribute cocaine. For purposes of 28 U.S.C. § 1291, final judgment was entered on July 2, 1992, when the judgment and commitment order was entered on the district court's docket sheet. Pursuant to the provisions of Rule 4(b) and 26(a) of the Federal Rules of Appellate Procedure, the defendant had ten (10) days from the entry of judgment, i.e., until July 13, 1992, in which to file his notice of appeal. "A defendant incarcerated in a federal prison and acting without the aid of counsel files his notice of appeal in time, if, within the 10-day period provided by the Rule, he delivers such notice to the prison authorities for forwarding to the clerk of the District Court." Houston v. Lack, 487 U.S. 266, 270 (1987) (citation omitted). In the present case, the defendant's notice was dated October 5, 1992, and could not have been delivered to the prison authorities within the ten-day time period provided by the rule.
 
 
 2
 In his notice, the defendant requested that he be allowed to file a delayed appeal. Under Rule 4(b), the district court, upon a showing of excusable neglect, may extend the time for filing for a period not to exceed 30 days from the expiration of the time otherwise prescribed. The district court granted the defendant's request by marginal entry on October 19, 1992. However, the district court was without power to grant the extension. "The district court has no power to extend the filing period beyond the time limit prescribed by the rule". United States v. Hove, 548 F.2d 1271, 1273 (6th Cir.1977) (per curiam). Assuming that the defendant's notice was delivered to the prison authorities on October 5, it was delivered 95 days after entry of the July 2 judgment. "The failure to take any action whatever within 40 days of the entry of the judgment is invariably fatal." Id. Timely filing of a notice of appeal is a mandatory and jurisdictional requirement which this court can neither waive nor extend. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978).
 
 
 3
 It is therefore ORDERED that the defendant's appeal is dismissed sua sponte for lack of appellate jurisdiction. Rule 9(b)(1), Local Rules of the Sixth Circuit. This order is without prejudice to any remedy the defendant may have under 28 U.S.C. § 2255.